Shepherd v. Helmers.

WILLIAM SHEPHERD, et al., v. H. J. HELMERS.

1. SEC. 4, CH. 36, LAWS OF 1876, Void.   Section 4 of chapter 36 of the Laws of 1876 is unconstitutional and void, because in conflict with § 16 of art. 2 of the constitution of the state, as the subject-matter therein contained is not expressed in the title of the act.

2. COUNTY WARRANTS, Registration of; Priority of Payment.   The district court of Leavenworth county issued a peremptory writ of mandamus, in 1878, commanding the board of commissioners of that county to issue certain county warrants for the payment of the fees of jurors incurred

in the district court of the county. H. was the holder of two of these warrants, issued and dated October 7, 1878. At the time the warrants were issued, there was not money in the hands of the treasurer of Leavenworth county sufficient to pay them. The warrants were duly presented to the treasurer for payment, November 2, 1878. This was refused, and the treasurer certified on the backs thereof, "Not paid for want of funds," and registered them for payment in a book kept for that purpose. On February 1, 1880, the warrants were again presented to the treasurer for payment, and payment was refused. At the latter presentation, the treasurer had in his hands money sufficient to pay the same out of the general funds. *Held,* The warrants were entitled to priority of payment from the funds applicable therefor, and the treasurer failed in his official duty in refusing to make payment to H., the owner and the holder.

*Error from Leavenworth District Court.*

ACTION by *Helmers* against *Shepherd* and *McKee,* because of the refusal of *Shepherd,* the county treasurer of Leavenworth county, to pay two county warrants issued on the general fund in payment of jurors' services in the district court of that county, prior to 1879. The facts are fully stated in the following agreed case:

"The said plaintiff, H. J. Helmers, and said defendants, William Shepherd and John McKee, desiring to submit a controversy to the decision of the court, respectively enter their appearance, and agree upon a case containing the facts, as follows, to wit:

"The said plaintiff is the owner and holder of $101 in county warrants (copies of which are hereto attached), issued, signed and executed by the county of Leavenworth, in the state of Kansas. Said warrants were duly issued for the payment of jurors' fees incurred in the district court sitting in and for the said county of Leavenworth. Said warrants were issued (among other warrants for jurors' fees) under a peremptory writ of mandamus issued by the district court of Leavenworth county against the board of county commissioners of said county, commanding the issue thereof. At the time said mandamus was obtained, and the warrants were issued, there was not money in the hands of the treasurer of Leavenworth county sufficient to pay the same, or any part thereof. The said warrants were duly presented to William Shepherd, defendant, the treasurer of said county, on the 1st and 2d days of November, 1878, respectively, for redemption by the said plaintiff, and payment thereof was demanded, which

was refused by the said treasurer, who then and there made a certificate of the fact upon said warrants, and dated and signed the same, stating that there was not then in his hands sufficient money to pay said warrants, or either of them; and said treasurer then and there set down in a book kept by him for that purpose the number, amount and date of said warrants, to whom made payable, and the date when presented for payment; that said defendant, William Shepherd, is county treasurer of said county of Leavenworth, and has been such treasurer since October 7, 1878; that said defendant, John McKee, is one of the sureties on the official bond of said treasurer, which said bond was duly signed, executed, and delivered in form and with conditions as by law required; that said defendant, William Shepherd, has in his hands money sufficient to pay the said warrants, and the interest thereon belonging to the general fund, (the fund out of which such warrants are payable,) if said warrants are entitled to priority of payment out of said general fund; that said funds were collected for the tax of years previous to the tax levy of 1879. That said plaintiff again, and on the first day of February, 1880, presented said warrants for payment, and demanded payment thereof from the said William Shepherd, treasurer, and out of the aforesaid money in said treasurer's hands at the time of said demand, but said William Shepherd refused, and still refuses, to pay the warrants, for the reason that if he does pay them there will not remain in said fund 'a sum sufficient to pay the fees and salaries of the county officers, clerks, and employés,' as mentioned in §3 of ch. 120, Laws 1879. The said warrants of said plaintiff are the first in time in said registry book, and are in fact payable out of said general fund. There is due to said plaintiff on said warrants the sum of $110, the principal and interest thereon. The said plaintiff claims judgment against said defendants for the sum of $110 and costs."

The following are copies of warrants attached to the agreed statement of facts:

No. 8402. $44.

COUNTY CLERK'S OFFICE, ⸾
LEAVENWORTH, KANSAS, Oct. 7, 1878. ⸿

*Treasurer of Leavenworth Co., Kansas:* Pay J. F. Rapp, or bearer, the sum of forty-four dollars, for juror, Mch. '78, D. C., out of any moneys not otherwise appropriated.

By order of the board of county commissioners.

B. S. RICHARDS, *Chairman.*

[L.S.] Gen'l fund. J. W. NIEHAUS, *Co. Clerk.*

Indorsed on back: "Presented for payment, Nov. 1, 1878. Not paid for want of funds.

"WM. SHEPHERD, County Treas.
"*By J. M. Gable, Deputy.*"

No. 8652. $57.

COUNTY CLERK'S OFFICE, }
LEAVENWORTH, KANSAS, Oct. 7, 1878. } ·

*Treasurer of Leavenworth Co., Kansas:* Pay to R. V. Flora, or bearer, the sum of fifty-seven dollars, for juror, Sept. '77, D. C., out of any moneys not otherwise appropriated. ·

By order of the board of county commissioners.

B. S. RICHARDS, *Chairman.*
[L. S.] Gen'l fund. J. W. NIEHAUS, *Co. Clerk.*

Indorsed on back: "Presented for payment, Nov. 2, 1878. Not paid for want of funds.

"WM. SHEPHERD, County Treas.
"*By J. M. Gable, Deputy.*"

Trial February 10, 1880, and judgment for *Helmers,* and against *Shepherd,* as principal, and *McKee,* as surety, for $110,· and costs. The defendants bring the case here.

*H. W. Ide,* for plaintiffs in error.

*C. F. W. Dassler,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The statute provides that the clerk of the district court shall keep a record of the attendance of jurors at each term of the court, and within ten days after the close of each term, the clerk shall return to the board of county commissioners a statement of the attendance of jurors at such term and their mileage as taken by him. The statute further provides, that the fees of the jurors shall be paid out of the county treasury. (Sections 16, 20 and 21 of Comp. Laws of 1879, pp. 445, 446.) Counsel for plaintiffs in error (defendants below) contends that these provisions are of no avail, because § 4, ch. 36, Laws of 1876, renders the warrants void. This section is as follows:

"That no contract shall be made, or indebtedness incurred, or order, warrant, or evidence of indebtedness of the county

of Leavenworth be drawn or issued on the treasurer in payment of any indebtedness to exceed the amount of funds on hand in the treasury to the credit of the fund on which the order is drawn at the time, after reserving therefrom a sum sufficient to pay the fees and salaries of the county officers, clerks and employés: *And provided further*, That every order or warrant drawn on the treasury shall express on its face to whom issued, and for what purpose allowed, and the same shall be payable only to such person or his order."

On the other hand, the counsel of the opposing interest alleges that §4 is no impediment to the issuance or payment of these warrants, because the section is void by virtue of §16 of article 2 of the state constitution. The contention over the validity of said section is really the important matter for consideration. Involved in this, is the question whether §4, or any part thereof, is expressed in the title of the act of ch. 36, Laws 1876. The title reads: "An act authorizing the board of county commissioners of Leavenworth county to issue bonds for the purpose of funding the outstanding indebtedness of the county, and for other purposes." The words " for other purposes," it is conceded, do not add anything to the expression of the title; and may be considered as surplusage and as nugatory. The title is confined to the subject of issuing bonds for the purpose of funding the outstanding indebtedness of the county. The title and the main provisions of the act relate to past indebtedness — to an outstanding indebtedness existing prior to the taking effect of the act. Section 4 relates to future — to new or other indebtedness. It concerns a subject different and separate from what is expressed in the title of the act. The act is in fact broader than the title, and while the part indicated by the title may stand, section 4, not being indicated by the title, must fall. We therefore hold this section to be unconstitutional, as the subject-matter therein contained is not expressed in the title. (*Comm'rs of Sedgwick County v. Bailey*, 13 Kas. 600; *Swayze v. Britton*, 17 Kas. 627.) The suggestion that said section ought to be held valid, because it tends, indirectly, to appreciate the bonds issued to take up certain county indebted-

ness, by restricting the issuance of orders, warrants, etc., and thereby facilitating in some degree the funding of the outstanding indebtedness, is without special merit, as such purpose is only the remote result of the provisions of the section, and not directly connected with the subject of the act as indicated by the title.

The additional point is made, that at the second time of the presentation of the warrants for payment, the county treasurer had no moneys properly applicable for that purpose, and we are referred to § 3, ch. 120, Laws 1879. We hardly think the latter statute applicable. All of the rights of the defendant in error (plaintiff below) accrued before this section became a law. The agreed facts show that the warrants were presented for payment in November, 1878, and the treasurer then duly certified the same not paid for want of funds, and properly registered them for payment according to their presentation or priority. (Comp. Laws 1879, ch. 25, § 69.) The facts further show that when again presented the treasurer had in his hands sufficient money to pay them (if they were entitled to priority of payment) out of the general funds. We think they were entitled to such priority, (§ 69, *supra*,) and should have been paid.

The judgment of the court below will be affirmed.

All the Justices concurring.