Board of Education v. The State.

THE BOARD OF EDUCATION OF THE CITY OF ATCHISON v. THE STATE OF KANSAS, *on the Relation of W. A. Johnston, Attorney General.*

1. SEC. 5, CH. 81, LAWS OF 1879, *Valid.* Section 5 of chapter 81, Laws of 1879, is not in conflict with § 16, article 2 of the constitution of the state, within the principles announced in *The Division of Howard County,* 15 Kas. 194, and *The State v. Ewing,* 22 Kas. 708.

2. ———— Under the existing statutes, the boards of education of cities of the first class have no authority to issue bonds to raise funds to purchase a school site, or to erect and furnish suitable buildings thereon.

3. ———— Under the last clause or sentence of § 5, chapter 81, Laws of 1879, boards of education are inhibited from issuing bonds, except the refunding bonds provided for by that act.

*Error from Atchison District Court.*

ACTION brought by *The State of Kansas,* on the relation of the attorney general thereof, against *The Board of Education of the City of Atchison,* to restrain the issue of certain school bonds. Trial at the June Term, 1881, of the district court, and judgment for the plaintiff. The defendant brings the case here. The facts appear in the opinion.

*Webb & Martin,* for plaintiff in error.

*W. A. Johnston,* attorney general, and *Hudson & Tufts,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The sole question in this case is, whether the board of education of the city of Atchison has the power under the statute to issue bonds for the purpose of raising funds to purchase a school site and erect suitable school buildings thereon. As Atchison is a city of the first class, the laws appplicable to cities of that class are controlling. By ch. 18, § 95, Gen. Stat. 1868, such power was given without any other limitation than that the bonds should bear a rate of interest not exceeding ten per cent., payable semi-annually,

the principal to be reimbursed in twenty years from the time the bonds were sold. This power has been modified from time to time by amendments. In 1869, by § 4 of ch. 23, the board was limited to an issue of $125,000 of bonds, unless a further amount was authorized by a majority vote of the electors, but the bonds were not to be sold for less than ninety cents on the dollar. In 1871, an act (ch. 58) was passed amendatory of and supplemental to ch. 18 of the Laws of 1868, which provided in § 4, that no bonds should be issued except by a vote of two-thirds of the members of the board, at a regular meeting thereof, and the amount outstanding at any one time was limited to $160,000, with the additional provision that no bonds could be issued in the place of those redeemed or purchased. In 1873, by ch. 62, said § 4 of the statute of 1871 was amended by withdrawing therefrom the last proviso. In 1874, a new act concerning cities of the first class was passed, but the act of 1868 was not repealed, nor the school law changed thereby. (Laws of 1874, ch. 46.) In 1875, ch. 46, Laws of 1874, was amended, and § 9 of ch. 70, Laws of 1875, prohibited the board of education from issuing any bonds for any purpose. In 1876, by ch. 122, the school law of the state was revised, and the provisions regarding public schools in cities of the first class were incorporated in the act for the regulation and support of common schools. Sec. 24 of article 10 of said act is bodily § 4 of ch. 62 of the statute of 1873, giving the board full authority to issue bonds upon the vote of two-thirds of the members, not exceeding in the aggregate $160,000. And § 31 of article 10 of said act reënacts § 9 of ch. 70, statute of 1875, absolutely inhibiting the board of education from issuing bonds for any purpose. Thus we had in the same statute two sections directly conflicting with each other; the one giving authority to issue bonds, and the other forbidding the issuing of bonds. In 1879, the legislature passed an act to amend an act entitled "An act to incorporate cities of the first class, approved Feb. 24, 1868, and to authorize boards of education of cities of the first class to refund certain bonds." The last clause, or sen-

tence, of § 5 of said act, (Laws of 1879, ch. 81,) reads : "And said board shall issue no bonds hereafter, except the refunding bonds provided for by this act."

In 1881, by § 3, ch. 149, § 31, art. 10, ch. 122, Laws of 1876, was repealed. It is conceded that if the provisions of § 5, ch. 81, Laws of 1879, are valid, they clearly prohibit the further issuing of bonds by the board. This statute is challenged by the plaintiff in error, upon the ground that the title contains two distinct subjects.

. The legislation upon the issuance of bonds by boards of education has been so changeable and incongruous that the subject presented is attended with some difficulty; and yet as all the legislation existing is found in § 24 of article 10 of chapter 122 of the Laws of 1876, and in § 5, chapter 81 of the Laws of 1879, the question at issue rests solely upon the force of the objection presented to the title of the act of 1879. We are inclined to the opinion that within the principles announced in the *Division of Howard County*, 15 Kas. 194, and *The State v. Ewing*, 22 Kas. 708, the constitutionality of the act of 1879 may be upheld, and therefore that the board of education of Atchison city is prohibited by the final clause of § 5, chapter 81, Laws of 1879, from issuing any bonds, except the refunding bonds provided for in that act.

1. Sec. 5, ch. 81, Laws of 1879, valid.

Counsel cite us to the case of *Shepherd v. Helmers*, 23 Kas. 504, as sustaining the objections to the title of the act referred to. There is this distinction between that case and the one before us: There, the title of the act related to the funding of outstanding indebtedness; here, the act relates to an amendment of the general act incorporating cities of the first class, and the sections of the statute have reference to the duties and powers of boards of education. It is true that the sentence inhibiting the issuance of bonds is contained in the section relating to the tax to be levied annually to pay interest and principal of the refunded bonds, and the duties of the clerk of the board, instead of being enacted in a separate section; but this fact does not militate against its validity, if the ob-

jection presented is without force. Counsel call our attention to the disastrous consequences to accrue if suitable school accommodations for the children of Atchison cannot be furnished, and assert that if the decision of the court below is affirmed, a very large number of children will necessarily be deprived of school privileges. To this we answer, as we have often answered before, it is our duty only to expound the law, not to make law. Moreover, it is the rule with courts not to declare a statute unconstitutional, unless it is clearly so. The legislature is the body that is responsible for any unfortunate consequences resulting from the inhibition of the issuance of bonds, and that body must correct the evils attending the enforcement of the statute, if any actually exist. We content ourselves with declaring the law; we can go no further.

The judgment of the district court will be affirmed.

All the Justices concurring.