The opinion of the court was delivered by
Valentine, J.:
This was a criminal prosecution under §19 of chapter 128 of the Laws of 1881. The action was commenced before a justice of the peace, and was appealed to the district court, where the district court quashed the complaint against the defendant, upon the ground that said §19 was enacted in violation of § 16, article 2, of the constitution, and is therefore void; or at least, that it is void so far as it has any application to this case.
Section 16, article 2 of the constitution provides that “No *216 bill shall contain more than one subject, which shall be-clearly expressed in its title.” The title to the act in controversy reads as follows:
“An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof . for such excepted purposes.”
Said section 19 reads as follows:
“Sec. 19. It shall be unlawful for any person to get intoxicated; and every person found in a state of intoxication shall,, upon conviction thereof before any justice of the peace, be fined in the sum of five dollars, or be imprisoned in the county jail not exceeding ten days.”
The complaint in this case, and the one upon which the-defendant was prosecuted, reads as follows:
“S. S. K., county attorney, of lawful age, being duly sworn, on his oath says, that, at the county of Wilson and state of Kansas, on, to wit, the 9th day of June, 1881, one J. J. Barrett did then and there unlawfully and wrongfully get intoxicated, and was found in a state of intoxication, contrary to the statute in such cases made and provided, and against the peace and dignity of the state 'of Kansas.”
It will be seen that the only question presented in this caséis, whether the title to the act in, controversy is comprehensive-enough to authorize a provision to be inserted in the body of the act for punishing a person criminally for “getting intoxicated,” or for being “found in a state of intoxication,” where the intoxicating liquor from which the intoxication resulted was obtained and used legally and without the violation of any other provision of the law; for there is no pretense in this case that the liquor which produced the intoxication was-manufactured or sold or obtained in any way illegally, or that it was administered or used illegally, or that any law was violated in any manner, except said § 19, which was violated only by the defendant’s “getting intoxicated,” and being “found in a state of intoxication.”
The following propositions of law, we think, have been settled in this state:
*217 1. The action of the law-making power must in all cases be upheld, unless its action is manifestly in contravention of the constitution.
2. No slight difference of opinion will authorize the judiciary to set aside the action of the la.w-making power, or to nullify an act of the legislature. But where an act of the legislature, or a portion of the act, is clearly unconstitutional, it is the duty of the courts to so declare, and to hold the unconstitutional provision or provisions null and void.
3. In order to correctly interpret that provision of § 16, article 2 of the constitution, which provides that “No bill shall contain more than one subject, which shall be clearly expressed in its title,” its object must be taken into consideration ; and the provision must not be construed or enforced in any narrow or technical spirit, but must be construed liberally on the one side, so as to guard against the abuse intended to be prevented by it, and liberally on the other side, so as not to embarrass or obstruct neéded legislation.
4. Under this provision of the constitution, the title of an act may be as broad and comprehensive as the legislature may choose to make it; or it may be as narrow and restricted as the legislature may choose to make it. It may be so ■ broad and comprehensive as to include innumerable minor subjects, provided all these minor subjects are capable of being so combined and united as to form only one grand and comprehensive subject; or it may be so narrow and restricted as to include only the smallest and'minutest subject.
5. And while the title to an act may include more than one subject, provided all can be so united and combined asu to form only one single, entire, but more extended subject; yet, neither the title to the act nor the act itself can contain more than one subject, unless all the subjects which it contains can be so united and. combined as to form only one single subject.
6. In construing the title to an act, as well as the act itself, reference must be had to^the object of the act, and to the evil sought to be remedied by it.
*218 7. It is not necessary that the title to an act should be a synopsis or abstract of the entire act in all its details; it is sufficient if the title indicates clearly, though in general terms, the scope of the act.
8. ’ Where a section of an act is assailed as being in contravention of said provision of § 16, article 2 of the constitution, it is sufficient if it is germain to the single subject expressed in the title, and included therein, provided the act itself does not contain more than this single subject.
9. Where the title to an act is not broad .enough to include everything contained in the act, that which is not included within the title must be held to be invalid, for such is evidently the manifest intention of the constitution; and the courts have no power to enlarge or extend or amplify the title to the act, any more than they have to enlarge or diminish or modify or change the act itself.
10. Where an act contains two separate and independent subjects having no connection with each other, and the title to the act is broad enough to cover both, whether such an act or any portion of it has any validity has not yet been settled or determined by this court; but we think that probbably and as a general rule it has not.
The decisions sustaining the foregoing propositions are as ■ follows: Bowman v. Cockrill, 6 Kas. 311; Comm’rs of Sedgwick Co. v. Bailey, 13 Kas. 600; Division of Howard Co., 15 Kas. 194; Prescott v. Beebe, 17 Kas. 320; Swayze v. Britton, 17 Kas. 625; City of Eureka v. Davis, 21 Kas. 578; Woodruff v. Baldwin, 23 Kas. 491; The State v. Bankers’, &c., 23 Kas. 499; Shepherd v. Helmers, 23 Kas. 504; Werner v. Edmiston, 24 Kas. 147; Philpin v. McCarty, 24 Kas. 393.
We shall now proceed to consider the main question in the case, which is, whether § 19, chapter 128 of the Laws of 1881, is constitutional or not.
The subject of the act in controversy, as expressed in its title, is “The manufacture and sale of intoxicating liquors;” in other words, “To prohibit the manufacture and sale of intoxicating liquors,” except for certain purposes, and “To *219 regulate the manufacture and sale” for the excepted purposes. It is to prohibit and regulate, not the use of intoxicating liquors, but the manufacture and sale thereof; or, stating it in its broadest terms, it is a subject concerning the manufacture and sale of intoxicating liquors. It is not concerning intoxicating liquors generally or in the abstract, blit it is simply concerning the manufacture and sale thereof. The legislature might have adopted the broad and comprehensive subject, intoxicating liquors, but it did not choose to do so. It in fact adopted the more limited and restricted subject, the manufacture and sale, only, of such liquors. It did not mention in the title to the act drunkenness or drinking or intoxication, or drams, or drinking-salóons, or dramshops, or liquor saloons, or taverns, or anything else that would indicate that it intended to regulate the drinking of liquor in the abstract, or intoxication in the abstract. All that it seems to have had in contemplation was the prohibition of the manufacture and sale of intoxicating liquors in certain cases, and the regulation of the manufacture and sale of intoxicating liquor in certain other cases. With regard to what should be done with the liquors, independently of their manufacture and sale, it was silent. The title to the act does not, in the slightest or most iemote degree, refer to the use of the liquor in the abstract. So far as the title of the act is concerned, after the liquor has been manufactured and sold, any person in the lawful and bona fide possession of it may use it as he sees fit; he may drink it, or burn it, or give it away, or he may use it in any other manner or for any other purpose to which his inclinations may lead him. The title to the act is wholly silent with reference to these matters. When the liquor is manufactured and sold, if manufactured and sold and purchased in good faith and according to law, the title to the act has then spent its force; it has then no further room for operation; its mission is then ended. When the sale is completed, it can have no further application to any transaction. If there should be another attempt to sell the liquor, however, then this *220 attempted sale would again call forth the energies of the title to the act. But if no further sale is ever again attempted, then the operation of the title of the act, with respect to this liquor, is forever ended. In general, however, whenever an attempt is made to manufacture liquor, the attempt will call forth the energies of this title; and whenever an attempt is made to sell intoxicating liquor, the attempted sale will also call forth its energies; but nothing else will. Such a title operates upon the manufacture and sale of intoxicating liquors, including their contemplated use while being manufactured and sold, but never acts upon their actual use after their manufacture and sale have been completed.
Of course we know that the indirect and remote object of the title to the act, as well as of the act itself, is to prevent drunkenness, to prevent intoxication, and to prevent the use of intoxicating liquors as a beverage; and we shall construe both the title to the act and the act itself with reference to such object; but we cannot under such a title, consider drunkenness or intoxication or the use of intoxicating liquors, aside from the manufacture and sale of such intoxicating liquors, for they have no existence in the title to the act independent of the manufacture and sale of intoxicating liquors, and are indissolubly and inseparably connected with them. We cannot consider drunkenness, or intoxication, or the use of intoxicating liquors as a beverage, in the abstract, but can consider them only where they are incidents or concomitants to the manufacture and sale of intoxicating liquors. When construing a provision of the act affecting the manufacture or-sale of intoxicating liquors, we shall keep in view the fact that the act was intended to prevent the use of intoxicating liquors as a beverage, and shall construe the provision accordingly, and try to give it that construction which will best promote its object; but if we find a provision in the act that has no relation to the manufacture or sale of intoxicating liquors (whether it has any relation to drunkenness or not, or to intoxication or not, or to the use of intoxicating liquors *221 as a beverage or not), we must say that the provision is outside of the title to the act; that it is not included in the title, and that it is therefore unconstitutional and void. In such a case there is no room for any further consideration of the provision — no room for construction; and we are not to indulge in remote inferences and far-fetched speculations as to whether or not the title to the act and the provision in question may not have some vague resemblance or some unimportant quality in common. The constitution does not contemplate that the subject of the act may be hidden away in covert concealment, or masked in secret ambush behind what is openly manifested by the visible and perceptible terms of the title to the act. Nor does the constitution contemplate that the subject of the act may be left to be groped for through doubts and difficulties, through obscurities and uncertainties, and with misgivings and perplexities. ' (Shepherd v. Helmers, 23 Kas. 508, 509.) On the contrary, the constitution requires that the subject of the act “shall-be clearly expressed in its title.” And hence no subject can be considered as belonging to the act unless it is clearly expressed in some manner in the title to the act.
In the present case, the defendant is not prosecuted for manufacturing or selling intoxicating liquor. He is not prosecuted because of any violation of the law by himself or others in the manufacture or sale of intoxicating liquor. So far as appears from the record in the case, the liquor from which the defendant became intoxicated may never have been sold, or, if sold, it may have been sold in strict conformity to law; and while the liquor must of necessity have been manufactured, it may not have been manufactured in Kansas, or, if manufactured in Kansas, it may have been manufactured prior to the passage of the act in controversy, and therefore not under or in violation of the act in controversy, or, if manufactured subsequently, it may have been manufactured strictly within the terms of the statute. Under such circumstances, we think that we must hold that said §19 of the act in controversy is unconstitutional and void, so far as it applies to this case.
*222 The supreme court of Indiana has had a similar question before it. (The State v. Young, 47 Ind. 150.) In that state its constitution provides that every “act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title.” Its legislature passed an act with a title as follows: “An act to regulate the sale of intoxicating liquors; to provide against evils resulting from any sale thereof; to furnish remedies for damages suffered by any person in consequence of such sale; prescribing penalties; to repeal all laws contravening the provisions of this act; and declaring an emergency.” In the body of the act it was provided that, “It shall be unlawful for any person to get intoxicated. A person found in a state of intoxication shall, upon conviction thereof, be fined in the sum of five dollars,” etc. The supreme court of Indiana held that this provision of the act is unconstitutional. The entire court held that it is not expressed within the title to the act; and a majority of the court held that it is not connected with the subject expressed in the title to the act.
It will be noticed that in Indiana it is not necessary that an act shall contain but one subject, as it is in this state; but there the act may contain “ one subject, and matters properly connected therewith.” But, notwithstanding this additional provision in the constitution of Indiana, the supreme court of that state held that the provision in the body of the act against intoxication is unconstitutional and void.
The case of The State v. Young has since been followed and affirmed by the supreme court of Indiana. (The State v. Baker, 50 Ind. 506; Sumner v. Beeler, 50 Ind. 341. See also the case of Gossett v. The State, 10 Cen. L. J. 15, decided by the supreme court of Tennessee at the September term of 1879. See also Comm’rs of Sedgwick Co. v. Bailey, 13 Kas. 600; Swayze v. Britton, 17 Kas. 625; State v. Bankers’, &c., 23 Kas. 499; Shepherd v. Helmers, 23 Kas. 504.)
The judgment of the court below will be affirmed.
All'the Justices concurring. ■