The State, *ex rel.*, v. Humphrey.

# JANUARY TERM, 1892.

## PRESENT:

Hon. ALBERT H. HORTON, CHIEF JUSTICE.
Hon. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
Hon. WILLIAM A. JOHNSTON, }

THE STATE OF KANSAS, *on the relation of W. W. Martin*, v. LYMAN U. HUMPHREY, *as Governor of the State of Kansas, et al.*

STATE AGENT — *Compensation — No Appropriation — Mandamus.* In the absence of any specific appropriation by the legislature to pay for the services of a state agent appointed under the provisions of chapter 176, Laws of 1877, (¶¶ 5932–5935, Gen. Stat. of 1889,) the supreme court will not compel, by *mandamus* or otherwise, the governor, auditor and attorney general to enter into or execute any contract with such agent for his compensation.

*Original Proceeding in Mandamus.*

THE facts sufficiently appear in the opinion herein, filed January 9, 1892.

*P. J. Coston*, and *Curtis & Safford*, for plaintiff.

*John N. Ives*, attorney general, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: On the 11th day of March, 1891, W. W. Martin was appointed by Hon. Lyman U. Humphrey, as governor of the state and by the state senate, then assembled, confirmed as agent of the state, to prosecute the claims of the state against the United States, pursuant to an act of the legislature of the state, approved March 3, 1877, chapter 176,

36 — 47 KAS.

Laws of 1877, (¶¶ 5932–5935, Gen. Stat. of 1889.) After his confirmation, W. W. Martin was commissioned by the governor as agent. Subsequently, and before the commencement of this action, he requested the governor, the auditor and the attorney general to enter into an agreement with him as to what his compensation as such agent should be under the provisions of §§ 3 and 4, chapter 176, Laws of 1877, (¶¶ 5934 and 5935, Gen. Stat. of 1889.) The officers refused to enter into any agreement or contract. This is an original proceeding in this court to compel the governor, the auditor and the attorney general of the state to enter into a contract with W. W. Martin, as requested. At the session of the legislature 'of 1891, chapter 182 of the Laws of 1872, relating to the salaries of state officers, judges, and officers of the legisiature, was repealed. An attempt was also made to repeal §§ 3 and 4, chapter 176, Laws of 1877, ¶¶ 5934 and 5935 of the Gen. Stat. of 1889. (Laws of 1891, ch. 181, § 17.) The title of said chapter 181 reads: "An act to establish the salaries of state officers, their assistants and clerks, judges, officers and employés of the legislature." The title is very similar to the title of an act of the legislature approved March 2, 1868, and amended by chapter 182, Laws of 1872. The contention is, that there is nothing in the title of chapter 181, Laws of 1891, that refers in any way to the state agent, or to his salary or compensation, and therefore that the part of § 17 of chapter 181, Laws of 1891, which attempts to repeal ¶¶ 5934 and 5935, Gen. Stat. of 1889, is unconstitutional. The following authorities are cited: *The State v. Barrett*, 27 Kas. 213; *Harlan v. Territory of Washington*, 3 Wash. Ter. Rep. 131. We do not think it necessary to pass upon the constitutionality of the part of § 17, chapter 181, Laws of 1891, referred to.

At the session of the legislature for 1879; the following statute was passed:

"Every officer or agent of the state who shall be empowered to expend any public moneys, or to direct such expenditures, is hereby prohibited from making any contract for the erection

or repair of any building, or for any other purpose, whereby the expenditure of any greater sum of money shall be contemplated, agreed to, or required, than is expressly authorized by law." (Laws of 1879, ch. 166, § 132, March 20th; Gen. Stat. of 1889, ¶ 6674.)

Subsequently the legislature adopted chapter 103, Laws of 1886. The title is as follows: "An act relating to state officers and agents, and defining certain crimes and providing punishment therefor." Section 1 reads:

" That any officer or agent of the state who shall be empowered to expend any public moneys, or to direct such expenditures, is hereby prohibited from making any contract for the erection or repair of any building, or for any other purpose, whereby the expenditure of any greater sum of money shall be contemplated, agreed to, or required, than is expressly authorized by law; and any officer or agent of the state violating this law shall be deemed guilty of embezzlement of the amount in excess of that expressly authorized by law, and upon conviction shall be punished by confinement and hard labor not exceeding five years, or in the county jail not less than six months." (Gen. Stat. of 1889, ¶ 6675.)

No appropriation was made by the legislature in 1891 to pay for the services of the state agent. The appropriations heretofore made for such an agent have been exhausted. If the agent is to receive any compensation, it must be paid by the treasurer upon warrants of the auditor. Such payment cannot be made without a specific appropriation. (*Martin v. Francis*, 13 Kas. 22; *The State, ex rel., v. Stover*, ante, p. 119.) It is doubtful whether any part of the lands granted by the United States to the state for school purposes can be used or appropriated for any other than school purposes. (Const., art. 6, § 3.) It has been the practice to pay the state agent in money, even for any lands secured, notwithstanding the words of the statute. Lands are not given for the services of the agent. The state agent can proceed in the performance of his duties under his appointment, and it will be presumed that the legislature will properly compensate him for any services, valuable or useful to the state, which he may render. Even

if a contract were entered into between the state agent and the governor, auditor, and attorney general, it could not be enforced by *mandamus*, nor could damages be recovered from the state, or the officers of the state, for any breach thereof. Such a contract, even if entered into, would be of no value, unless the legislature should make a specific appropriation to carry out its terms. This court will not compel by *mandamus* a useless or vain thing to be done.

In the absence of an appropriation by the legislature to pay the compensation of the state agent, even if it were ruled that § 17 of chapter 181, Laws of 1891, repealing ¶¶ 5934 and 5935, were unconstitutional, we would not compel any contract to be entered into or agreed upon. Without any specific appropriation therefor, the spirit, if not the letter, of § 132, chapter 166, Laws of 1879, and § 1, chapter 103, Laws of 1886, would be violated or impinged on by the execution of the contract demanded. Paragraph 5934, Gen. Stat. of 1889, provides that "Such agent shall be allowed such compensation for his services as may be agreed upon between the governor, auditor and attorney general of the state and himself, not to exceed 10 per centum upon the amount [of money] secured to the state." No appropriation having been made to pay for such compensation, the officers of the state cannot bind the state or the legislature by any contract. Said ¶ 5934 permits a contract to be made, but there is no fund from which any compensation can be paid, and therefore the compensation is not expressly authorized or provided for by law; at least, no money is supplied or appropriated to pay any compensation to the state agent.

The peremptory writ will be denied.

All the Justices concurring.