STATE OF NEBRASKA, EX REL. MEYER GREEN, v. JOHN POWER, SHERIFF.

FILED JANUARY 8, 1902. No. 12,371.

1. **Constitution:** BILL: TITLE: PURPOSE OF CONSTITUTIONAL PROVISION. The purpose of the constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in its title," was intended to prevent surreptitious legislation and not to prohibit comprehensive titles. The test is not whether the title chosen by the legislature is the most appropriate, but whether it fairly indicates the scope and purpose of the act. *State v. Bemis,* 45 Nebr., 724.

2. **Protection of Corporation Employees.** A legislative enactment, the title of which is "An act to provide for the better protection of the earnings of laborers, servants and other employees of corporations, firms or individuals engaged in interstate business," comprehends legislation providing for the punishment of those who violate the provisions of the act by doing the things therein declared unlawful.

3. **Defective Complaint.** A complaint drawn under the provisions of section 531c of the Code of Civil Procedure is fatally defective, and charges no violation of the law, if it fail to charge that the complainant is the head of a family, and that the wages sought to be affected by the acts complained of are the wages exempt by law to laborers, etc., for not exceeding a period of sixty days.

ERROR from the district court for Douglas county. Tried below before BAKER, J. *Reversed.*

*Alexander Altschuler,* for plaintiff in error.

*George W. Shields* and *H. E. Burnam,* for the state.

HOLCOMB, J.

The petitioner applied for and was denied a writ of habeas corpus by one of the judges of the district court of the fourth judicial district. By proceeding in error he brings his case here for review of the proceedings had and ruling made on his said application. After a preliminary hearing on a complaint for violating the provisions of section 531c of the Code of Civil Procedure, relative to exemptions of sixty days' wages of laborers, mechanics, and clerks who are heads of families, he was ordered to enter into recognizance for his appearance at the next term of the district court, and, in default of such recognizance, was duly committed to the jail of the county until such term should be holden.

It is argued and assigned as error that the petitioner's detention is unlawful, because the provisions of the act, under and by virtue of which he is held, are invalid, not being embraced within the title of the act of which they form a part, and because there are two subjects included in the act, both being in contravention of section 11, article 3, of the constitution, which declares that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title." It is also claimed that the complaint on which the petitioner is held to answer in the district court the charge preferred against him does not state any offense, nor charge a crime against the laws of the state.

With reference to the error first assigned, the title of the act is as follows: "An act to provide for the better protection of the earnings of laborers, servants and other employes of corporations, firms or individuals engaged in interstate business." By the first section it is declared unlawful for a creditor of the persons sought to be protected to dispose of his or its claim or to institute suits, and by any process seek or attempt to seize, attach or garnish the wages of such person or persons earned within sixty days, for the purpose of avoiding the effect of the laws concerning exemptions. By the last section it is provided that the

36

party injured by a violation of the provisions of the act
may recover the amount of the debt with costs, expenses
and a reasonable attorney's fee, and the the person, firm
or corporation guilty of the violation of the act shall be
liable by prosecution to punishment by a fine not exceed-
ing $200 and costs of prosecution. It is this latter portion,
relating to a punishment by fine, which it is claimed is un-
constitutional and void because not embraced within the
purview of the title. The object of the act, as expressed
by its title, is to protect the exempt wages of laborers and
others engaged in like services who are heads of families
from being seized, and the owner deprived thereof, by the
process of garnishment or attachment or otherwise; to
afford to the persons entitled to such exempt wages im-
munity from seizure or attempted seizure of their wages so
exempt, and due to them from their employer. To accom-
plish this object, it is declared unlawful by any of the
means mentioned to undertake to reach such exempt
wages; and for the purpose of enforcing such provisions
and to make the law effective two remedies were created,—
one a civil and the other a criminal liability,—both of
which may be resorted to for the purpose of accomplishing
the object of the act; i, e., the protection of the employee
in the wages due him, which the law declares exempt from
seizure. There is but one object to be accomplished, and
that is protection. This is secured by resorting to means
that will effectively prevent the prohibited acts, and the
legislature doubtless believed this could best be accom-
plished by imposing a liability both civil and penal. One
may be, and probably is, as efficacious as the other. Both
are fairly comprehended by the title used by the legislature
in expressing the subject regarding which the legislation
is to be had. A civil liability alone as to those pecuniarily
irresponsible was probably regarded as an insufficient de-
terrent. The fact that a double remedy is provided does
not mean that there are embraced in the act two distinct
subjects. In a great deal of the legislation we meet with,
two or more remedies are given for the purpose of effect-

uating the object sought to be attained, and yet such legislation would not be obnoxious to the constitutional provisions that but one subject shall be expressed in the title of each act. Nor do we find any constitutional objection on the ground urged, that the provisions of the act for punishment by fine and costs of prosecution are not embraced within the scope and subject as expressed in the title. To protect the person around whom the statute throws the strong arm of the law means "to keep, as from harm"; "preserve in safety; guard; shield; defend; said of both persons and things with wide range of meaning." Standard Dictionary. The words used as expressing the object of the act are of a most comprehensive kind, and suggest to the mind that all reasonable means may be resorted to in order to prevent any encroachment on the rights of those who come within the ægis of the statute. If the law actively interposes and gives to the injured party a civil remedy, may it not with equal propriety vindicate itself for the same wrongful act out of which the civil liability arises by providing for and imposing a suitable punishment by fine? It occurs to us that either or both of the two remedies could with equal propriety be resorted to, and the legislation be altogether within the constitutional requirement that the title of an act should fairly express the subject embraced within the legislation enacted. The civil liability feature was considered and decided in favor of the validity of the act in the case of *Singer Mfg. Co. v. Fleming,* 39 Nebr., 679. That part of the act we now have presented was in that case not directly involved in the decision made, and may yet be regarded as undecided. The purpose of the constitutional provision, it is said, was to prevent surreptitious legislation and not to prohibit comprehensive titles. The test is not whether the title chosen is the most appropriate, but whether it fairly indicates the scope and purpose of the act. *State v. Bemis,* 45 Nebr., 724, 735, and authorities there cited. In *White v. City of Lincoln,* 5 Nebr., 505, 516, it is stated that the object "is to prevent surreptitious legislation by incorporating into

bills obnoxious provisions, which have no connection with the general object of the bill and of which the title gives no indication. It will be sufficient, however, if the law have but one general object which is fairly expressed in the title of the bill." In the more recent case of *State v. Heldenbrand,* 62 Nebr., 136, the title of the act under consideration is "to prevent the fraudulent transfer of personal property." Session Laws, 1877, p. 5. The act declared it unlawful to dispose of mortgaged personal property without the written consent of the mortgagee, and imposes a penalty for its violation. It is there observed by the present chief justice: "The title of the act is extremely broad. Indeed, it is much more comprehensive than the act itself. The latter refers solely to transefers by mortgagors, whereas under the title all transfers of personal property, the effect of which would be to work a wrong or fraud upon some other party, might have been included. A law is not necessarily void because its title is comprehensive. *Paxton & Hershey Irrigating Co. v. Farmers' & Merchants' Irrigation Co.,* 45 Nebr., 884; *State v. Bemis,* 45 Nebr., 724; *Van Horn v. State,* 46 Nebr., 62. A title may be general, yet not necessarily void on that account. 'An act to amend the Code of Civil Procedure' has been upheld by this court. *Gatling v. Lane,* 17 Nebr., 80. The mere fact, however, that the legislature chose a title much more comprehensive than the matter covered by the body of the act, can not be objectionable. * * * The title in question is doubtless not so appropriate a one as might have been chosen, but we think it fairly indicates the scope and purpose of the act, and that a person reading it might expect legislation of this character in the body of the act." In *State v. Bush,* 45 Kan., 138, the title to the act which was being considered under a constitutional provision similar to our own was as follows: "An act to provide for and to regulate the registration of voters in cities of the first and second class, and to repeal all prior acts in relation thereto." The act provided for the manner of registration, declared it unlawful to permit registration otherwise, and provided punish-

ment by imprisonment in the penitentiary for its violation. The act was held to be within the scope and purview of the object as set forth in the title. Says Valentine, J.: "It is claimed, as we understand, that the title to the act is not broad enough to authorize a provision in the body of the act creating a criminal offense or prescribing a punishment therefor. We think it is. *State v. Barrett,* 27 Kan., 213, and cases there cited; *Durein v. Pontious,* 34 Kan., 353. The offense in the present case and the punishment therefor have relation to the general subject contained in the title to the act, which is the registration of voters in certain cities, and such offense and punishment are included within such subject within the meaning of the constitution. They clearly relate to the registration of voters." See, also, *State v. Barrett, supra.* In *Miles v. State,* 40 Ala.,39,it is held that an act entitled "An act the more effectually to prevent the offenses of grand larceny, arson and burglary" is not violative of the constitutional provision which declares that "each law shall embrace but one subject, which shall be described in the title." See, also, *Montgomery Mutual Building & Loan Ass'n v. Robinson,* 69 Ala., 413; *Allegheny County Home's Case,* 77 Pa. St., 77. Our conclusion is that the portion of the act relative to liability of prosecution and punishment by fine is not in violation of the provision of the constitution declaring that an act of the legislature shall contain but one subject, which shall be clearly expressed in the title.

It is our judgment that the complaint under which the petitioner is held does not charge a crime under the laws of the state. The charging part of the complaint is as follows: "That Meyer Green on or about the 8th day of June, A. D. 1901, in the county aforesaid, and within the incorporate limits of the city of Omaha, aforesaid, then and there being the owner and holder of a judgment against the said Frank McCall for the recovery of forty-one and 70-100 dollars,—the said judgment being in full force and effect, and the said Frank McCall being an employee of a corporation in the state of Nebraska,—did unlawfully as-

sign and transfer said judgment to one H. J. Jacobson, for
the purpose of avoiding the effect of the laws of the state
of Nebraska, concerning exemptions." It is fatally defect-
ive in not averring that the defendant was the head of a
family, and that the exemptions sought to be reached by
the act complained of were sixty days' wages of the com-
plainant, which are by law not only exempt; but can not be
lawfully made the subject of seizure or attempted seizure,
by attachment or garnishment process or otherwise. It is
the purpose and spirit of the law that the wages due labor-
ers and others therein mentioned for a period of sixty days
shall be absolutely exempt from attempted seizure or in-
terference in the hands of the employer, and to undertake
to evade the law in any of the ways prohibited by the act
raises a civil liability and subjects the offender to the pun-
ishment therein declared. Such is not, however, the law
as to exemptions generally, and a person can not be prose-
cuted criminally for attempting to seize property exempt
from execution under the general provisions of the statute
relative to exemptions to heads of families. To illustrate,
the complainant may have had large sums due to him from
his employer, far in excess of the sixty days' wages which
is allowed him by special statute, and which greater sum
is exempt, under the general exemption laws, to heads of
families who have neither lands nor town lots; and yet
would it be seriously urged that to attempt to seize such
moneys in satisfaction of a valid judgment would visit on
the party thus acting the penalties mentioned in the act we
have under consideration? There can be but one answer,
and that in the negative; and yet, from the averments of
the complaint, this may be all that was being attempted
by the petitioner in the case at bar. Also, for all that is
charged in the complaint, the complainant is a single man,
not the head of a family, and entitled to none of the ex-
emptions allowed by law. It should be made to appear
that the person complaining is entitled to the exempt
wages, and that the act complained of was for the purpose
of evading the exemption laws exempting the wages of

laborers and others mentioned, for a period not exceeding sixty days.

For the reasons stated the ruling denying the petitioner a writ of habeas corpus is reversed, and a writ will be allowed as prayed.

JUDGMENT ACCORDINGLY.

NOTE.—In *State v. Lauver*, 26· Nebr., 757, the question was raised as to whether the provision of chapter 50, Compiled Statutes, punishing intoxication, was covered by the title of the original act. The court refused to pass upon the question, because it was argued *ex parte*.— REPORTER.