OTTO BIRDHEAD v. STATE OF NEBRASKA.

FILED DECEMBER 4, 1920.   No. 21694.

Criminal Law: MOTOR VEHICLE ACT: CONSTITUTIONALITY. Chapter 160, Laws 1919, entitled "An act to amend section 1, of chapter 200, Session Laws of 1917, entitled 'An act relating to the stealing buying or concealing of automobiles and motorcycles,' to declare what facts shall be considered *prima facie* evidence of guilt, and to provide for including different counts in the same indictment," is not violative of the constitutional provision that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title." Const., art. III, sec. 11.

ERROR to the district court for Knox county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*E. A. Houston,* for plaintiff in error.

*Clarence A. Davis, Attorney General, J. B. Barnes* and *P. H. Peterson, contra.*

LETTON, J.

Plaintiff in error was convicted of the theft of an automobile. The question now raised relates to the validity of the act of 1919, under which petitioner alleges he was prosecuted.

The complaints are that the act contains more than one subject, and that the title is not broad enough to cover its scope. The title is: "An act to amend section 1 of chapter 200, Session Laws of 1917, entitled 'An act relating to the stealing, buying or concealing of automobiles and motorcycles,' to declare what facts shall be considered *prima facie* evidence of guilt, and to provide for including different counts in the same indictment."

The first portion of section 1 treats of the stealing of an automobile or motorcycle, and of the receiving, buying or concealing of the same, knowing the same to have been stolen. Plaintiff in error concedes that these constitute one subject. The section further provides: "Or who conceals any automobile or motorcycle thief, knowing him to be such, shall be deemed guilty of a felony," etc. It is argued that the elements which go to make up one crime do not relate to nor are they interwoven in any way with the other. We are not of this opinion. A statute which *relates* to the stealing, buying or concealing of an article is sufficiently broad in its title to cover any act connected with or incidental to the crime, such as attempts to commit it, aiding or abetting the criminal, the protection and concealment of the thief, or the stolen property. The general subject is the prevention of automobile stealing, and any act having a reasonable relation and germane to the general purpose does not constitute a separate subject under the meaning of the constitutional provision.

That the title is not broad enough to include the concealment of an automobile thief, or the punishment of one who

receives an automobile, is the next contention.   It is not essential that a title contain an index of everything contained in the act. The purpose of this provision of the constitution "is to prevent surreptitious legislation. If a bill has but one general object, no matter how broad that object may be, and contains no matter not germane thereto, and the title fairly expresses the subject of the bill, it does not violate this provision of the Constitution." *Van Horn v. State,* 46 Neb. 62.

It is argued that the act is void because the title fails to mention any penalty, while one is specified therein. This point has been decided otherwise in *State v. Powers,* 63 Neb. 496, in which it was held an act, "the title of which is 'An act to provide for the better protection of the earnings of laborers, servants and other employees of corporations, firms or individuals engaged in interstate business,' comprehends legislation providing for the punishment of those who violate the provisions of the act by doing the things therein declared unlawful." In the opinion it is said : "There is but one object to be accomplished, and that is protection.  This is secured by resorting to means that will effectively prevent the prohibited acts, and the legislature doubtless believed this could best be accomplished by imposing a liability both civil and penal."

An extended examination of cases upon the subject may be found in that opinion. *Sandlovich v. State,* 104 Neb. 169. No other points argued are necessary to consider.  We find no error in the record.

AFFIRMED.