## JOHN C. DOUGLAS v. CORA WOLF, AND OTHERS.

1. EVIDENCE—*when secondary will be admitted.* It is not improper to admit secondary evidence of an execution and the return thereon, where a satisfactory search by the officer having the legal custody thereof is shown, and the original papers cannot be found.

2. PRACTICE—CHARGE OF JURY—*Refusing Instructions.* The district court is not required to give instructions which need limitations and qualifications to make them applicable to the case. Instructions must be good as asked, or it is not error to refuse them.

3. —— *Giving instructions not applicable.* It is error for the court to instruct the jury upon a question not involved in the case, when such instruction would tend to confuse or mislead them.

4. AGENT—INTEREST OF.— *When agent may maintain Replevin.* A person buying bonds for another, and buying them in his own name, may maintain an action in his own name for the recovery of the possession of them.

*Error from Leavenworth District Court.*

REPLEVIN, brought by plaintiff in error to recover possession of five certain bonds issued by the city of Leavenworth and made payable to "Joseph A. Bullen, or bearer." Such bonds were issued in payment for work done by said Bullen, under a contract with the city. They were issued Sept. 15th, 1868. The plaintiff *Douglas* bought the bonds in August, taking Bullen's order on the city clerk for their delivery to him. When the bonds were to be issued, Douglas sent said Bullen, as his agent, to obtain them for him; Bullen received them from the city clerk, and gave his own receipt for them. Thereupon, while they were in Bullen's hands, and before

he could deliver them to plaintiff, Thomas Leonard, undersheriff, levied an execution on the bonds which he held in favor of Madam *Cora Wolf*, issued to the sheriff of Leavenworth county upon a judgment in favor of said *Wolf* against said Bullen. The judgment was rendered March 6th, 1862; the execution so levied was issued Sept. 7th, 1868. Said Leonard advertised and sold said bonds, upon said execution, and struck them off to the plaintiff therein, the said Madam *Cora Wolf*. Before the bonds were delivered to the purchaser, *Douglas* brought replevin for them, making the said Madam *Wolf*, and *Peter McFarland* and *Thomas Leonard*, defendants. Madam *Wolf* answered, alleging ownership of the bonds by virtue of her purchase at said sheriff sale. *McFarland*, as sheriff, and *Leonard*, as undersheriff, answered, justifying under said execution and judgment in favor of Wolf and against Bullen, and alleging that at the time of said levy the bonds were the property of said Bullen. Plaintiff replied.

On the trial it appeared that at the time *Douglas* purchased the bonds, he had a contract with one Harwood, of Cincinnati, to supply the latter with a certain amount of bonds, and had in his hands Harwood's money to enable him to fill his said contract; and that the bonds in controversy were paid for by *Douglas* with money belonging to Harwood. The point was raised that *Douglas* was not the "real party in interest," and could not maintain an action in his own name to recover the bonds. The instructions given, and those refused, on this question, are stated in the opinion of the court. The admission of the contents of a lost record was objected to, as being secondary. On this point also the facts are fully stated in the opinion. The verdict and judgment were in favor

of the defendants, and the plaintiff brings the case to this court on error.

*E. Stillings*, for plaintiff in error:

1. The court erred in instructing the jury, that if plaintiff purchased the bonds as agent of Harwood, and with Harwood's money, he could not recover; and then erred again in *refusing* to instruct them, that if he purchased them for Harwood, and purchased them in his own name, he could recover in this action. 5 Selden, 559; 2 Bingham, 173; 14 Ohio St, 73; Story on Agency, §§ 414, 415; Paley on Agency, 363.

2. The court instructed the jury that if the transaction was a mortgage, or intended as such, it was void. There was no evidence which tended to prove such fact, and the instruction was calculated to mislead the jury, and is error. 3 Gra. & Wat., 824.

3. There was no sufficient proof of the loss of the executions; nor were their contents sufficiently shown to entitle them to be received. The judgment was dormant; more than five years had intervened, and the execution was void. Civil Code, 1868, § 445.

*Pendery & Brewer*, and *Green & Foster*, for defendants in error:

1. The bonds were Bullen's at the time of the levy. No title had passed to Douglas; his pretended purchase was on the 15th of August, while the bonds were not in existence until the 25th of September thereafter, and Bullen had not completed his contract with the city, and had no right to claim said bonds. And besides, there was never any *delivery* of the bonds to Douglas. The intent was to save the bonds for Bullen, and was fraudulent.

2. If the contract was sufficient to pass the title, then the bonds belonged to Harwood, and not to plaintiff. They were bought for Harwood, and paid for with his money; and plaintiff has no interest in them, and cannot maintain this action. Civil Code, 1868, § 26.

3. The judgment was not dormant; executions were issued, and returned unsatisfied. They were not produced; but due diligence and proper care were shown by the clerk; and the docket entries of their issue, date, and return were properly admitted. 1 McCord, 139; 4 Verm., 504; 1 Greenl. Ev., § 84, n. 2.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an action of replevin brought by the plaintiff in error against defendants in error for certain bonds of the city of Leavenworth. The bonds were issued to pay one Bullen for work done for the city. The plaintiff's testimony tended to show a general and also a special ownership of the bonds in himself, and a right to the possession thereof. The defendants' testimony tended to prove that the bonds had been taken on execution against Bullen, and sold at sheriff's sale, and bought by Madam Wolf, in whose favor the execution was. The testimony of defendants was also intended to show that the purchase of the bonds of Bullen by plaintiff was collusive, and made for the purpose of screening Bullen's property from the execution.

I. In the course of the trial it became necessary for the defendants to show that the judgment, on which the execution issued against Bullen, on which the bonds were seized, had not become dormant by lapse of time; and to do this, they at-

1 PRACTICE. When secondary evidence admissible.

tempted to prove that executions had been issued and returned from time to time, so as to keep the judgment alive. They did not offer the executions in evidence, but introduced the clerk, the proper custodian of these papers, who testified that he had made search for them in his office, and could not find them; that he looked for an hour and a half, assisted by two of defendants' counsel. Thereupon the court permitted the docket entry of the issue of the executions to be read, and the return made thereon. We think this was correct. The search was such as satisfied the court that the papers could not be found and produced. It was subsequently proven that the papers had been missing for two or three years.

II. It is claimed there was error in giving and refusing instructions, and our attention has been mainly directed to this part of the case. Of the instructions asked by the plaintiff, and refused, it may be observed, that instructions to the same purport as some of them had already been given by the court in his general charge, and it was neither necessary nor proper to repeat them. Some of the others needed limitations or qualifications to make them applicable to the issues and testimony in the cause; and therefore there was no error in refusing to give them. They must be good as asked, or it is not error to refuse them.

2. Instruction; refusal of; when no error.

III. One instruction given at the request of defendants, was to the effect, that if the transaction between Douglas and Bullen was a mortgage, or intended as such, it was void. This instruction ought not to have been given. There was no testimony tending in the slightest to show a mortgage, or that either of the parties claimed it as a mortgage.

3.—— but to instruct on points not in issue, is error.

The instruction was likely to confuse the jury by assuming that there was some evidence on that point; but we cannot say it would so mislead the jury as to make a new trial necessary.

IV.   The plaintiff's evidence tended to show that he had been furnished money by one Harwood to buy such

AGENT: interest of; when he can maintain replevin.

bonds as these in controversy for him; Harwood was to allow plaintiff fifty-five cents on the dollar for the bonds, and plaintiff might buy for as much less as he could.   On this point the court instructed the jury as follows:   "If the plaintiff purchased the bonds for one Harwood, as his agent, and with Harwood's money, then he cannot recover; but if he purchased them on his own account, though for the purpose of filling a contract which he had with Harwood, he is not thereby prevented from maintaining this action." And the court refused to give this instruction: "If the jury find that Douglas purchased the bonds for Harwood, and bought the same in his own name, he has a right to sustain an action in his own name to recover possession of them."   This instruction ought to have been given.   It was applicable to the evidence.   If Douglas bought the bonds for Harwood, with Harwood's money, and bought them in his own name, then he was entitled to the possession, and had an interest in the bonds, because, by reason of the purchase in his own name, he had incurred a responsibility to Harwood greater than if bought in Harwood's name.   He stood charged with Harwood's money.   If he bought the bonds for him and in his name, then he might say to Harwood, "I have bought your bonds, but they have been seized by the sheriff without fault of mine; you must look to him for them." If bought in the name of plaintiff, he was responsible to

Harwood for their delivery, and had to repossess himself of them by action, to enable him to make such a delivery. For refusing this instruction, the judgment is reversed and a new trial awarded.

All the Justices concurring.