CHARLES P. KELLOGG COMPANY V. JOSEPH HORKEY ET AL.

FILED MAY 22, 1901.  No. 10,382.

1. **Mortgagee from Fraudulent Vendee is Innocent Purchaser to the Extent of His Debt.** When goods obtained by fraud have been mortgaged by the fraudulent vendee to secure a present indebtedness, to a mortgagee in good faith, without notice of such fraud, the latter stands in the position of an innocent purchaser *bona fide* of property from a fraudulent vendee, but to the extent of the mortgage debt only.

2. **Notice of Rescission: DUTY OF MORTGAGEE.** When a mortgagee of chattels receives notice of the rescission of a fraudulent sale, before sale of the property included in his mortgage, it is his duty, if there be also included in the mortgage goods not involved in such fraudulent sale, to sell the latter before having recourse to those claimed by the vendor.

ERROR from the district court for Knox county. Tried below before ROBINSON, J. *Reversed.*

*Montgomery & Hall* and *William M. Robertson,* for plaintiff in error.

*W. L. Henderson, J. H. Berryman, Soloman Draper* and *Michael F. Harrington, contra.*

NORVAL, C. J.

In 1896 the plaintiff sold and delivered to one Joseph Horkey clothing to the value of about $1,000. Subsequently Horkey executed chattel mortgages on his whole stock of goods, including a portion of those sold him by plaintiff (the remainder having been sold in the usual course of business), to the defendants, the Security Bank, and Henry E. Bonesteel. The mortgage to the bank was for over $3,000, all but $1,126.34 of which was an indebtedness incurred prior to the making of such mortgage. Bonesteel's mortgage was given to secure a preexisting debt, wholly. Some time afterwards the bank and Bonesteel took possession of the goods under their

mortgages, and proceeded to foreclose, their notices fixing the same time and place of sale. The plaintiff, in making its sale to Horkey, relied upon a false statement of assets and liabilities made by him to a commercial agency to secure credit, and immediately after learning of the falsity of such representations rescinded the sale, and notified the bank and Bonesteel of such rescission before sale was had under such mortgages. At the sale all the stock was sold, including that of plaintiff, to Bonesteel, the bid being far in excess of the amount due the bank on its mortgage. The residue remaining after satisfying the demands of the bank was applied by Bonesteel on his mortgage. The plaintiff sued the bank, Bonesteel and Horkey for conversion of its goods. On trial, after the evidence was in, the court on its own motion instructed the jury as follows: "You are instructed in this case to return a verdict in favor of the plaintiff and against the defendant, Joseph Horkey, of $1,020.08; and in favor of the defendants, Henry E. Bonesteel and the Security Bank." A verdict was returned in accordance therewith, and the plaintiff brings the judgment rendered thereon here for review, and complains that the court erred in instructing the jury to return a verdict in favor of the defendants, the bank and Bonesteel. In that respect we think the court erred. There was evidence introduced from which the jury could have legitimately inferred that these goods were obtained through fraudulent representations, which entitled the plaintiff to rescind the sale if due diligence was shown, and evidence to that effect appears of record. There was further evidence from which the jury could have likewise inferred that the goods were sold by the bank and Bonesteel in a lump. Among the goods sold were those which belonged to plaintiff, if it had a right to rescind the sale. To such goods Bonesteel was in no position to make claim, as against plaintiff, as he did not occupy the place of an innocent purchaser, none of his debt having been created at the time the mortgage was executed. *Tootle*

*v. First Nat. Bank of Chadron,* 34 Nebr., 863; *Phenix Iron Works v. McEvony,* 47 Nebr., 228. The bank, to the extent of the $1,126.34 advanced to Horkey at the time its mortgage was executed, was an innocent purchaser, but it was such only to the extent of its mortgage lien; and as there was much more than sufficient property to pay its debt, it became guilty of conversion so soon as it sold more than sufficient to satisfy this debt. *Omaha Auction & Storage Co. v. Rogers,* 35 Nebr., 61. It owed to plaintiff the duty to sell goods other than those to which the former was entitled, sufficient to pay its debt, before having recourse to plaintiff's property. Having failed to do this, it was guilty of conversion if it sold them under its mortgage. And as there was evidence introduced from which the jury could have deduced the conclusion that the bank and Bonesteel together sold the whole of the goods, including those of plaintiff, and divided the avails between them, there was evidence which would have sustained a verdict of conversion against both of them. For that reason the court erred in giving the instruction quoted, and the judgment is therefore

REVERSED.