.O. W. Sparks v. The Galena National· Bank.

No. 13,370.   (74 Pac. 619.)

SYLLABUS BY THE COURT.

1. Sale and Mortgage—*Fraudulent Purchase—Mortgagee Protected.* Owners of personal property made an honest sale of it for an adequate consideration to persons who did not acquire it in good faith. The vendees obtained a loan and executed a mortgage on the property to one without notice of any fraud. *Held,* that the mortgagee is protected and treated as an innocent purchaser to the extent of the mortgage debt.

2. Jurisdiction—*Cherokee County District Court.* The fact that a case pending in the district court of Cherokee county when chapter 156 of the Laws of 1901 was enacted, which provided that terms of the district court of that county be held in Columbus and Galena, was not tried at the first term held at Galena did not deprive the court of jurisdiction of the case.

3. Title and Ownership— *Testimony of·Owner.* Permitting a witness to state that she owned property, the title to which was the subject of the controversy, was not prejudicial error, where it was followed by an extended examination of the witness by both parties in which she gave in detail the circumstances of her purchase and the manner in which she acquired the property.

. Error from Cherokee district court; A. H. Skidmore, judge.   Opinion filed December 12, 1903.   Affirmed.

STATEMENT.

'This was an action of replevin to recover possession of zinc ore of the alleged value of $1475.79, taken from a mine originally leased and operated by E. B. Shackelton and Richard Ward.   While operating it they incurred indebtedness which has not been paid.   They sold, or undertook to sell, their interest, E. B. Shackelton transferring his share to his wife, C. M. Shackelton, and Richard Ward transferring his share to his sister, Maggie Ward.   After the transfer the vendees obtained a loan of money from the Galena National

Bank and secured it by a mortgage on the ore in controversy. The ore was attached at the instance of a creditor of the vendors, and then the action of replevin was begun by the bank, claiming a special interest in the property under its mortgage.

On the trial a general verdict in favor of the bank was returned, and with it the following special findings of fact:

"1. Prior to the commencement of this action did E. B. Shackelton and Richard Ward get from the Galena Lead and Zinc Company the right to mine a certain lot or lots?   A. Yes.

"2. If you answer question No. 1 'Yes,' did E. B. Shackelton and Richard Ward, prior to the commencement of this action, erect and build an ore mill on the property obtained from the Galena Lead and Zinc Company?   A. Yes.

"3. If you answer the first two questions 'yes,' prior to the commencement of this action did E. B. Shackelton and Richard Ward dig and mine ore on said property and sell the ore until the time of the alleged transfer to C. M. Shackelton and M. Ward?   A. Yes.

"4. In either of the years 1899 or 1900, in the month of April of the year, did E. B. Shackelton and Richard Ward make, or attempt to make, a transfer of said mill and property to C. M. Shackelton and M. Ward?   A. Yes.

"5. If you answer No. 4 'Yes,' state what year.   A. 1899.

"6. If you answer No. 4 'Yes,' did E. B. Shackelton and Richard Ward, or either of them, have charge, management and control of the property thereafter same as they did before?   A. Yes.

"7. Was C. M. Shackelton the wife of E. B. Shackelton, and M. Ward the sister of Richard Ward, at such time?   A. Yes.

"8. Were E. B. Shackelton and Richard Ward at such time indebted to any person or persons?   A. Yes.

"9. Since such time and prior to the commence-

ment of this action, were E. B. Shackelton and Richard Ward indebted to any person or persons? A. Yes.

"10. Were the circumstances surrounding the transaction such as would put reasonably prudent persons upon inquiry in making a purchase of the mill and property? A. Yes.

"11. Did C. M. Shackelton and M. Ward pay a valuable consideration for said property. A. Yes.

"12. Was there any inadequacy of consideration for the transfer of said property? A. No.

"13. Were C. M. Shackelton and M. Ward purchasers in good faith of said property? A. No.

"14. Did C. M. Shackelton and M. Ward pay an adequate consideration for a transfer of said property? A. Yes.

"15. Was the transfer of said property accompanied by an actual and continued change of possession? A. No.

"16. Was the ore which is the subject-matter of this litigation dug and mined from the property transferred or attempted to be transferred by E. B. Shackelton and Richard Ward to C. M. Shackelton and M. Ward? A. Yes.

"17. Was the ore replevied in this action dug and mined under the rules and regulations of the Galena Lead and Zinc Company? A. Yes."

Judgment was entered in favor of the bank on the verdict and findings.

*S. E. Cheeseman*, and *Thomas Dolan*, for plaintiff in error.

*S. C. Westcott*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The principal question determined in this case was the validity of the sale of the mining property by E. B. Shackelton to his wife and by Richard Ward to his sister, as upon that sale the

validity of the mortgage of the Galena National Bank depends. The general verdict in favor of the bank in question acquits the vendors of the property of any bad faith or fraud in the transaction. No special questions as to their good faith and honesty were submitted to the jury, but the general finding covers those as well as all other elements necessary to support the verdict, which are not inconsistent with the special findings that were made. The jury did find that the circumstances at the time of the sale were such as to put reasonably prudent persons upon inquiry, and that C. M. Shackelton and Maggie Ward were not purchasers in good faith, but at the same time they found that these purchasers paid not only a valuable consideration for the property but that the price paid was adequate. It results, therefore, from the findings and verdict that the vendors made an honest sale of the property, and while the vendees did not act in good faith in some particular not stated they did pay the fair value of the property, and also that the bank from which the mortgage loan was obtained had no knowledge of any fraud in the transfer and acted in good faith in the premises. Under these circumstances, the attack on the findings and the claim that the mortgage was invalid cannot be upheld. The vendors and their creditors lost nothing by the transfer. The vendors made an honest transfer for an adequate consideration and were able to respond to their creditors as well after as before the transfer. Again, according to the general verdict, there is nothing in the case which impeaches the action of the bank or the mortgage under which it claims.

Assuming that the vendees were not honest in the purchase of the property it would not destroy the validity of the mortgage. The bank, under the verdict

being innocent of any fraud, is protected on the principle that fraud is only prejudicial to those who participate in it. A mortgagee of a fraudulent vendee, without knowledge of the fraud, is protected and treated as an innocent purchaser to the extent of the mortgage debt. (*Wilson v. Fuller*, 9 Kan. 176 ; *Scheble v. Jordan*, 30 id. 353, 1 Pac. 121 ; *Farlin v. Sook*, 30 id. 401, 1 Pac. 123, 46 Am. Rep. 100 ; *Dolan, Sheriff, v. Van Demark*, 35 id. 304, 10 Pac. 848 ; *Kellogg Co. v. Horkey*, 61 Neb. 751, 86 N. W. 497, 14 A. & E. Encycl. of L., 2d ed., 288.)

It is contended that the district court lost jurisdiction of the case because it was not tried at the March term of the court at Galena. Under chapter 156 of the Laws of 1901 terms of court were provided to be held at Columbus and Galena, within the county of Cherokee. There is some confusion in the statute as to the disposition to be made of cases pending at the passage of the act, but, however that statute may be viewed, the mere fact that the case was not tried at a particular term did not deprive the court of jurisdiction. But one district court existed in the county, and the fact that it sat in two places did not create two jurisdictions. It does not appear that any prejudice was suffered by the plaintiff by the postponement of the case, and hence there was no material error.

The rulings of the court as to the amendments of the pleading afford no ground for reversal, as the trial court is given very large discretion in that respect.

Complaint is made that the witnesses C. M. Shackelton and Maggie Ward were allowed to state, in answer to an inquiry, that the property in controversy belonged to them, and it is said that, as this was a conclusion of the witnesses and the principal question which the jury were called to determine, it was error.

It is true that where the ownership of property is the question at issue it is seldom competent to prove that fact by the bare assertion of the fact itself. (*Hite v. Stimmell*, 45 Kan. 469, 25 Pac. 852.) In this case, however, these questions were followed by an extended examination of the same witnesses, in which they gave in detail the circumstances of their purchase and the manner in which they had acquired the property. Under these circumstances, the error, if error there was, is not material or prejudicial. (*Solomon Rld. Co. v. Jones*, 34 Kan. 443, 8 Pac. 730.)

The other objections to rulings on testimony are not material.

No error was committed by the court in charging the jury, nor do we find anything in the errors assigned which affords ground for reversal.

The judgment is affirmed.

All the Justices concurring.