### D. J. McDONALD et al. v. WILLIAM DANIELS.

No. 15,180. (92 Pac. 51.)

SYLLABUS BY THE COURT.

1. REPLEVIN—Parties—Beneficial Owner Need Not be Joined. One who holds the full legal title to personal property, the beneficial ownership of which he shares with another, may in his own name maintain an action to recover the possession thereof from a stranger.

2. —— Allegation of General Instead of Special Ownership— Objection Insufficient. Where a plaintiff in replevin pleads general ownership, and at the trial it is developed that while he holds the full legal title to the property he is obliged to account to another for a portion thereof, the question whether it was not necessary for him to have set out in his petition the full facts regarding his ownership cannot be raised by an objection that such facts show that he is not the real party in interest and is not entitled to recover all of the property.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed October 5, 1907. Affirmed.

Lathrop, Morrow, Fox & Moore, and B. C. Mitchner, for plaintiffs in error.

Charles Hayden, for defendant in error.

The opinion of the court was delivered by

MASON, J.: William Daniels brought an action against D. J. McDonald to recover the possession of personal property described as a grading outfit, which

the latter had caused to be seized upon an attachment against Ben Daniels, the father of William, the sheriff being joined as a defendant. The plaintiff recovered judgment and the defendants prosecute error.

The petition was drawn in general terms, the only allegation with respect to the title of the property being that the plaintiff was its owner. The preliminary statement made in his behalf to the jury, however, developed that his claim was that his title originated in this way: The property was at one time owned by his father, who executed to him a chattel mortgage to secure a debt which was therein described as owing to him, but which in fact included a sum which his father owed to his sister; afterward, in satisfaction of the mortgage, his father gave him a bill of sale of the property, under which he took possession, holding it until it was taken from him by the sheriff. The plaintiff's evidence was in accordance with this statement. The defendants now contend that no recovery should have been had, first, because under this statement the plaintiff was only a part-owner of the property and could not maintain replevin without joining his co-owner, his sister, and, second, because the title disclosed by the evidence was special and was therefore not provable under an allegation of general ownership.

The first contention fails because the plaintiff was not merely a joint owner with his sister. He had the full legal title, and the fact that he was under an obligation to account to another with respect to a part of the property did not prevent his maintaining as sole plaintiff an action against a stranger for its possession. This was determined in *John C. Douglas v. Cora Wolf, and others,* 6 Kan. 88, where it was held that "a person buying bonds for another, and buying them in his own name, may maintain an action in his own name for the recovery of the possession of them." (Syllabus.) In the opinion it was said:

"The plaintiff's testimony tended to show a general

and also a special ownership of the bonds in himself, and a right to the possession thereof. . . . If Douglas bought the bonds for Harwood, with Harwood's money, and bought them in his own name, then he was entitled to the possession, and had an interest in the bonds, because, by reason of the purchase in his own name, he had incurred a responsibility to Harwood greater than if bought in Harwood's name. He stood charged with Harwood's money. If he bought the bonds for him and in his name, then he might say to Harwood, 'I have bought your bonds, but they have been seized by the sheriff without fault of mine; you must look to him for them.' If bought in the name of plaintiff, he was responsible to Harwood for their delivery, and had to repossess himself of them by action to enable him to make such a delivery." (Pages 91, 93.)

The proposition involved in the second contention is more open to doubt. The syllabus to *Ward v. Ryba,* 58 Kan. 741, 51 Pac. 223, reads:

"An agent who takes in his own name a bill of sale of personal property in payment of a debt due to his principal, and who upon taking possession of the property for his principal is dispossessed of it by third parties, cannot maintain replevin in his own name for its repossession under a general allegation of ownership in himself, without stating the facts in relation to his special interest and right of possession."

In distinguishing the earlier cases, where the petition likewise alleged only a general ownership, the court said:

"The case of *Douglas v. Wolf* (6 Kan. 88) is cited as authority for the maintenance of replevin by an agent in his own name against strangers for the recovery of his principal's property. It was stated in that case that 'the plaintiff's testimony tended to show a general and also a special ownership in the property itself.' The case of an agent with an interest of his own in his principal's property is entirely different from the one under consideration. In such case the agent may maintain the action in his own name because he has an interest in the property; and this is the ground upon which the decision of *Douglas v.*

*Wolf, supra,* rests, as do also a large number of like cases." (Page 744.)

It would appear that Daniels, having a beneficial interest in the property, as well as the full legal title, was entitled to maintain replevin without pleading a special ownership. We conclude, however, that this question is not fairly raised, for this reason: When the opening statement for the plaintiff was ended the defendants asked for judgment for the reason that the statement disclosed that he was not the real party in interest and was not entitled to recover the entire property. This motion challenged only the right of the plaintiff to maintain the action without joining his sister; it did not direct attention to the question whether the ownership he claimed was special or general. Had the objection now relied upon been distinctly pointed out at that time the plaintiff might have seen fit to ask leave to amend. From that moment the defendants were as fully advised of the claims of the plaintiff as though an amendment had in fact been made. Under these circumstances it would not be in furtherance of justice to reverse the judgment, even although it might be thought that the petition was technically defective in not setting out in greater detail the facts upon which the plaintiff's claim was based.

Complaint is also made that the plaintiff was permitted to testify in so many words that he was the owner of the property. The error in this respect was not material, inasmuch as all the facts upon which his claims of ownership were based were fully brought out in the course of the examination.

"Permitting a witness to state that she owned property, the title to which was the subject of the controversy, was not prejudicial error, where it was followed by an extended examination of the witness by both parties in which she gave in detail the circumstances of her purchase and the manner in which she acquired the property." *(Sparks v. Bank,* 68 Kan. 148 [syllabus], 74 Pac. 619.)

The greater part, but not all, of the property was shown to have been sold by the sheriff. The court directed the jury to find the value of this portion at the time of the seizure. An objection made to this instruction because there was no evidence of its value at that time appears from the record not to be well founded in fact. The value of the remainder of the property was found at the date of the commencement of the action—some three weeks after the levy of the attachment, and this also is objected to. There is nothing to indicate any substantial prejudice in this respect. Moreover, the position of the defendants on the subject was not made clear at the trial. The other matters presented have been examined, but no ground of reversal is found.

The judgment is affirmed.