No. 23,979.

ELIZABETH FAILEY, *Appellant*, v. ROY FLORY, *Appellee*.

SYLLABUS BY THE COURT.

REPLEVIN—*Household Goods—Judgment for Plaintiff on Special Findings Notwithstanding General Verdict.* In a replevin action, judgment is properly rendered in favor of the defendant on answers to special questions, notwithstanding a general verdict in favor of the plaintiff, where the answers show that the defendant purchased the property, without notice of any defect in the title thereto, from one who held the property under a bill of sale from the original owner and had possession thereof with all the indicia of ownership, and that the defendant afterward paid a chattel mortgage that was on the property at the time he purchased it.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed November 4, 1922. Affirmed.

*Edward T. Riling, John J. Riling, Charles Hobart,* and *Raymond Rice,* all of Lawrence, for the appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one in replevin to recover possession of personal property, consisting of household goods. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

A verdict was returned in favor of the plaintiff for the return of the goods or for the recovery of $462.25. Special questions were answered as follows:

"1. Are the goods in question a part of the household and kitchen furniture kept by the plaintiff and her husband on the O. G. Markley farm at or near Lone Star, Kansas, on May 15, 1920? Answer. Yes.

"2. About August 7th, 1920, was there a balance due on the chattel mortgage given by the plaintiff and her husband to Lone Star State Bank and if so how much? Answer. Yes. 2. $125.00, plus the interest.

"3. Was the balance of such mortgage paid to the said bank by the defendant after he came into possession of the goods in question? Answer. Yes.

"4. When the plaintiff and her husband signed the bill of sale to E. Morton at Kansas City on August 7th, 1920, was it complete or was it a blank bill of sale? Answer. Blank bill of sale.

"6. From whom did the defendant get the goods in question? Answer. E. Morton.

"7. At the time the defendant obtained possession of the goods were they in the Markley house at Lone Star and did E. Morton have the key? Answer. Yes.

"8. From whom did E. Morton get the key to the Markley house where the goods were kept? Answer. Mrs. O. Failey.

"9. When the defendant took possession of the goods in question did he have any notice that E. Morton was not the owner of the goods? Answer. No.

"11. Before bringing this action did the plaintiff make demand on the defendant for the goods in question? Answer. No.

"12. Before signing the bill of sale to E. Morton did the goods in question belong to the plaintiff or to her husband? Or both? Answer. Plaintiff."

Judgment was rendered on the answers to the special questions. A motion for new trial was filed but was withdrawn. The plaintiff argues that because the motion for new trial was not ruled on, the sufficiency of the evidence to support the verdict cannot be considered. The plaintiff in her brief states—

"The all important question, it seems to us, for decision on this case, is as to who owned the property and who was entitled to the same at the beginning of the action."

It is not necessary to consider the sufficiency of the evidence.

The question that disposes of this case is: Did the court commit error in rendering judgment in favor of the defendant on the answers to the special questions? This question must be answered in the negative because the defendant purchased the property from one who appeared to be the owner thereof and who was in possession under a bill of sale signed by the plaintiff, and at the time of the purchase the defendant did not know that the person from whom he purchased was not the owner of the goods (*Sparks v. Bank,* 68 Kan. 148, 74 Pac. 619; *Finance Corporation v. McCowan,* 108 Kan. 622, 629, 196 Pac. 614); and because at the time the defendant purchased the goods, there was an unpaid chattel mortgage thereon that had been given by the plaintiff, which chattel mortgage the defendant paid after he bought the property (*Sinning v. Sumpter,* 86 Kan. 454, 121 Pac. 332).

The judgment is affirmed.