THE STATE OF KANSAS V. W. O. BUSH.

1. **REGISTRATION OF VOTERS — *Valid Statute.*** That portion of § 15 of chapter 80 of the Laws of 1879, which prescribes a criminal punishment for improperly registering the names of voters, is not unconstitutional or void.

2. **CRIMINAL INTENT — *Sufficient Information.*** A criminal information setting forth that B., the city clerk of a city of the second class, registered the name of a person as a voter who did not appear in person, and was not present and did not give his name, age, occupation, or place of residence, may be sufficient, without expressly alleging any criminal intent.

3. INTENT, *When Presumed.* When the commission of an act is made a crime by statute, without any express reference to any intent, then the only criminal intent necessarily involved in the commission of the offense is the intent to commit the interdicted act; and in such a case it is not necessary to formally or expressly allege such intent, or any intent, but simply to allege the commission of the act, and the intent will be presumed.

*Error from Butler District Court.*

THE case is stated in the opinion, filed on January 10, 1891.

*L. B. Kellogg,* attorney general, and *E. H. Hutchins,* county attorney, for appellant.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution, in the district court of Butler county, under § 15, chapter 80, of the Laws of 1879 (Gen. Stat. of 1889, ¶ 711); in which prosecution the defendant, W. O. Bush, who was the city clerk of the city of El Dorado, a city of the second class, was charged upon information in two counts with registering J. N. Hanna as a voter—Hanna not being present, nor appearing in person, nor giving his name, age, occupation, or place of residence. The title to the act in which the aforesaid § 15 is found, and §§ 8 and 15 of such act, read as follows:

"AN ACT to provide for and to regulate the registration of voters in cities of the first and second class, and to repeal all prior acts in relation thereto."

"SEC. 8. No person shall be registered unless he appear in person before the city clerk, at the city clerk's office, during usual office hours, and apply to be registered, and give his name, age, occupation, and particular place of residence, as required to make the proper entries in the poll-books."

"SEC. 15. If any officer shall neglect or refuse to perform any duty required by this act, or in the manner required by this act, or shall neglect or refuse to enter upon the performance of any such duty, or shall enter, or cause or permit to be entered on the registry books, the name of any person in any other manner or at any other time than as prescribed by this act, or shall enter, or cause or permit to be entered on such list, the name of any person not entitled to be registered

thereon according to the provisions of this act, or shall destroy, secrete, mutilate, alter, or change any such registry books, he shall, upon conviction, be punished by confinement and hard labor in the penitentiary not exceeding one year, and shall forfeit any office he may then hold."

The portions of the foregoing sections particularly applicable to this case are those which read as follows:

"No person shall be registered unless he appear in person before the city clerk, at the city clerk's office, during usual office hours, and apply to be registered, and give his name, age, occupation, and particular place of residence. . . . . If any officer [a city clerk] . . . shall enter, or cause or permit to be entered on the registry books, the name of any person in any other manner or at any other time than as prescribed by this act, . . . he shall, upon conviction, be punished," etc.

The defendant moved the court to quash the information upon the following grounds, to wit:

"First, that the act of the legislature of the state of Kansas, under which said information is pretended to be drawn, to wit, chapter 80 of the Laws of 1879, is unconstitutional, being in contravention of § 16 of article 2 of the constitution of the state of Kansas; second, that no offense is charged against the defendant in said information; and third, that neither of the counts of said information states and charges an offense against the laws of the state of Kansas."

The court sustained the motion and discharged the defendant, and the state of Kansas appeals to this court. No brief for the defendant has been filed in this court, but from the plaintiff's brief and the defendant's motion to quash, we can probably obtain a correct understanding as to what were the grounds upon which the court below quashed the information.

It is claimed, as we understand, that the title to the act is not broad enough to authorize a provision in the body of the act creating a criminal offense or prescribing a punishment therefor. We think it is. (*The State v. Barrett*, 27 Kas. 213, and cases there cited; *Durein v. Pontious*, 34 id. 353.) The offense in the present case and the punishment therefor have relation to the general subject contained in the title to the act,

which is the registration of voters in certain cities, and such offense and punishment are included within such subject within the meaning of the constitution. They clearly relate to the registration of voters.

It is further claimed, as we understand, that the information is defective for the reason that it does not allege any criminal *intent* on the part of the defendant. Of course a crime cannot be committed unless the person committing the acts supposed to constitute the crime entertains a criminal intent; and that criminal intent must in some manner be averred in the information or indictment either expressly or impliedly. But when the commission of an act is made a crime by statute, without any express reference to any intent, then the only criminal intent necessarily involved in the commission of the offense is the intent to commit the interdicted act; and in such a case it is not necessary to formally or expressly allege such intent, or any intent, but simply to allege the commission of the act, and the intent will be presumed. In the present case the wrong committed was the registration of the name of J. N. Hanna as a voter without his appearing in person or being present, and without his giving his name, age, occupation, or place of residence. In such a case all that is necessary is simply to allege the fact that the defendant so registered the name of Hanna, without also stating that he so registered such name with the intent to so register the same. It is alleged in the information that the defendant "unlawfully and feloniously" so registered the same. Mr. Bishop, in his work on Criminal Procedure, (volume I, § 521,) uses the following language:

"Starkie says: 'To render a party criminally responsible, a vicious will must concur with the wrongful act. But though it be universally true that a man cannot become a criminal unless his mind be in fault, it is not so general a rule that the guilty intention must be averred upon the face of the indictment.' For in a large part of the crimes the vicious will appears *prima facie* in the act itself; hence to allege simply the act makes the required *prima facie* case, and any nonconcurrence of the will therein is matter of defense."

And in note 2 to the same section, he uses the following language:

"Where the act is in itself unlawful, an evil intent will be presumed, and need not be averred; and, if averred, is a mere formal allegation which need not be proved by extrinsic evidence."

In the American and English Encyclopædia of Law, (vol. 4, p. 681,) the following language is used:

"Where the statute contains nothing requiring acts to be done knowingly, and the acts done are not *malum in se*, nor infamous, but are merely prohibited, the offender is bound to know the law, and a criminal intent need not be proved. . . . The intent is immaterial where the statute declares it a misdemeanor to obstruct a public road. When the statute does not make intent an element of the crime, intent need not be alleged, although, under general principles, it must be proved. And it is held that one who does that which the law forbids, is presumed to have had the criminal intent."

In the present case we think the criminal intent was impliedly and sufficiently alleged by the allegations setting forth and averring the commission of the prohibited acts.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.