|      |     |
| ---- | --- |
| 52   | 69  |
| t75  | 687 |

# THE STATE OF KANSAS v. GEORGE MOULTON.

1. CASES, *Followed*. The cases of *The State v. O'Connell*, 31 Kas. 383, and *The State v. Guettler*, 34 id. 582, followed.

2. INTOXICATING LIQUOR — *Illegal Sale — No Excuse*. Where an intoxicating liquor, called "rock and rye," was sold in violation of the prohibitory liquor law, it is no excuse upon the part of the defendant to allege that he did not know that it was intoxicating.

*Appeal from Norton District Court.*

APRIL 20, 1893, *Moulton* was convicted on several counts for selling intoxicating liquors unlawfully. He appeals. The opinion states the facts.

*J. R. Hamilton, S. W. McElroy,* and *L. H. Wilder,* for appellant.

*John T. Little,* attorney general, *C. D. Jones,* county attorney, and *L. H. Thompson,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: George Moulton was prosecuted upon an information containing 12 counts charging the unlawful sales of intoxicating liquors. He was convicted on the 3d, 7th, 8th and 10th counts. On motion, he was granted a new trial on the 10th count, but was refused such trial on the 3d, 7th and 8th counts, and judgment of guilty was rendered against him on these counts. Complaining of this judgment, he appeals.

It is contended that the trial court erred in not requiring the state to make its election more definite and certain, by stating the kind of liquors sold. As to the sale made to Walter Havlin, on the 17th day of January, 1893, as alleged in the third count of the information, we do not think there is anything substantial in the alleged error. The trial took place April 18, 1893. Walter Havlin testified, among other things, as follows:

"Ques. When did you last buy any 'rock and rye' there? Ans. I have n't bought any for a long time.

"Q. About when? Do you recollect anything of a survey? A. Yes; that was the last time.

"Q. About how long? A. Must have been three or four months, anyway."

The unlawful sale to Havlin on January 17, 1893, three months before, corresponds very nearly with one of the times fixed by the witness. It was not clearly shown by the testimony, as contended for, that Havlin bought any "hop ale" on or before January, 1893, at the time of his purchase of the "rock and rye." With reference to that he testified:

"Ques. When did you buy any 'hop ale?' Ans. A few days ago.

"Q. When, with reference to the filing of the information

in this case, February 6, 1893, before that did you buy any? A. Yes, I believe I have.

"Q. When before that? A. I could n't say positively just when.

"Q. State whether or not you got it there frequently and drank it there. A. Why, yes; I bought several glasses of it there.

"Q. Can you tell when you got any there with reference to February 6, 1893? A. Since that?

"Q. No, before that. A. I do n't know as I could say. No, I do n't know."

The conviction could not have been based upon such testimony of the sale of "hop ale" on or before January, 1893. This court observed, in *The State v. Guettler*, 34 Kas. 584:

"It is not essentially necessary that the prosecutor, in making an election, should describe the kind of liquor. It is enough if, in any other way, and with reasonable certainty, he points out the particular sale upon which a conviction will be asked. He may designate it by the date of the sale, or any circumstance by which the defendant may know with a reasonable degree of certainty the particular transaction or the particular offense against which he must defend."

We think there was good cause of complaint concerning the election made upon the seventh and eighth counts of sales to Allen. The kind of liquor sold should have been stated with more certainty. Allen testified that he bought "Smith's bitters," "elixir of cherry," "Doctor Begg's bitters," "rock and rye," and "hop ale" or "tea." He bought all of these liquors, or several of them, on Christmas, 1891, and on July 13, 1892. He further testified that the "bitters," the "rock and rye" and the "hop ale" were all intoxicating. On account of the several kinds of intoxicating liquors he purchased on the same day, the election of certain sales of intoxicating liquors to him on the 25th of December, 1891, and on the 13th of July, 1892, was not sufficiently definite, because the kind of liquors sold and relied upon for conviction was not stated. Two or more kinds were sold the same day by the defendant to Allen; but there was no election as to the kind

of liquor sold on any day. (*The State v. O'Connell*, 31 Kas. 383; *The State v. Guettler*, 34 id. 582.)

The court instructed the jury that

"Before you would be warranted in returning a verdict of guilty against the defendant under the third count of the information, you should be satisfied from the evidence, beyond a reasonable doubt, that the defendant, George Moulton, on or about the 17th day of January, 1893, unlawfully sold intoxicating liquors to one Walter Havlin at the place described in the third count of the information, without having a permit to sell intoxicating liquor."

The defendant requested the court to instruct the jury that

"Before you would be warranted in returning a verdict of guilty against the defendant under any count of the information, you should be satisfied from the evidence, beyond a reasonable doubt, that the defendant, George Moulton, unlawfully sold intoxicating liquors, knowing them to be such, at the place described in the information, without having a permit to sell intoxicating liquors."

The court committed no error in refusing to instruct the jury, "that the defendant unlawfully sold intoxicating liquors, knowing them to be such." In order to convict, it was not necessary for the court to inform the jury that the sales made by the defendant must have been made by him with knowledge on his part, that "rock and rye" was intoxicating.

"When the commission of an act is made a crime by statute, without any express reference to any intent, then the only criminal intent necessarily involved in the commission of the offense is the intent to commit the interdicted act; and in such a case it is not necessary to formally or expressly allege such intent, or any intent, but simply to allege the commission of the act, and the intent will be presumed." (*The State v. Bush*, 45 Kas. 138; *Wagstaff v. Schippel*, 27 id. 450.)

In this state no person can sell intoxicating liquors except for medical, scientific and mechanical purposes, and no druggist can sell such liquors for the excepted purposes except he is a registered pharmacist. The conviction in this case is sustained upon the sale of "rock and rye," which is shown by the evidence to have been intoxicating liquor.

The judgment will be affirmed as to the conviction under the third count of the information, and the judgment of conviction under the seventh and eighth counts will be reversed, and the cause remanded for a new trial thereon.

All the Justices concurring.