CITY OF IOLA v. THOMAS FARMER.

No. 14,441.   (84 Pac. 386.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Question Calling for a Conclusion—Error Cured.*
The error committed by permitting a witness to answer a
question calling for a conclusion is cured when the answer
contains the facts upon which the conclusion is founded.

2. PETITION—*Personal Injuries—Defective Street—General De-
murrer.* A petition for damages sustained by falling into a
ditch, in the night-time, in a city of the second class, which
alleges substantially that the city is a municipal corporation;
that in its corporate limits are two streets much used by
people passing between the business part of the city and a
railroad station; that under the direction of the city a ditch
four feet deep was made on one of the streets, and on a dark
night was left open, unguarded and without lights or other
warning to travelers of its existence; that the plaintiff on
such night, while traveling on the street, ignorant of the
ditch, and unable to see the same on account of the darkness,
fell into it and was injured, states a cause of action as
against a general demurrer.

3. —— *Motion to Make Definite and Certain.* Where the
plaintiff, in an action for personal injuries received by a
violent blow on the abdomen, causing serious internal in-
juries, is required to make his petition more definite and cer-
tain as to such internal injuries, and in his amended plead-
ing alleges that the injury causes him to vomit blood, to pass
blood from his bowels, and renders him very weak, and that
such injury is located somewhere in his stomach, bowels, and
abdomen, but he is unable to state the exact nature and ex-
tent thereof by giving the name and location of the particu-
lar muscles, ligaments or membranes involved, it is not error
to deny a motion to strike the petition from the files on the
ground that the plaintiff has not complied with the order of
the court to make it more definite and certain as to the na-
ture and extent of such internal injuries and the particular
organs injured.

Error from Allen district court; OSCAR FOUST,
judge. Opinion filed January 6, 1906. Affirmed.

*R. E. Cullison,* city attorney, and *Travis Morse,* for plaintiff in error.

*Biddle & Lardner, Chris Ritter,* and *C. J. Peterson,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This is an action to recover damages on account of injuries sustained by reason of a defective street. The plaintiff in error complains of many errors on the part of the trial court. The most of them are unimportant, some of them trivial, and very few justify examination and discussion. The most important will be considered.

The city moved to require the plaintiff to make his petition more definite and certain, so as to show the exact nature, extent and location of his injuries, internal and otherwise. This motion was allowed, and the plaintiff filed an amended pleading which alleged in substance that he was injured in the stomach, bowels, and abdomen, near the center; that it caused him to vomit blood and pass blood from the bowels, producing constipation and great weakness; that he could not state the exact nature, extent and location of his internal injuries, except as advised by his physician, who informed him that the injury was serious, but he could not name or locate definitely the exact organ, membrane, ligament or muscle involved. The defendant then moved to strike the petition from the files because the order that it be made more definite and certain had not been complied with. The motion was denied, and the ruling thereon is alleged as error. The city insists that without this "inside information" it could not anticipate what it would be confronted with on the trial, and make adequate preparation therefor. It also urges with great force that these facts are "peculiarly within the knowledge of the plaintiff," and that it was material error to refuse to compel a disclosure.

It must be conceded that matters peculiarly within the knowledge of a plaintiff and important to the defendant should be stated in the petition. The fact that the injuries complained of are within the very person of the plaintiff, and by reason of their painful character are in a certain sense "constantly in his mind," may give color to the contention that in a legal sense they are "peculiarly within his knowledge." But, when we consider how little the average citizen knows of his internal structure, it seems probable that the plaintiff was unable to give more specific information on this subject. No prejudicial error is apparent on account of this action of the court.

The city then demurred generally to plaintiff's petition, and contended that it did not allege negligence. The demurrer was overruled. The petition stated, substantially, that the defendant was a city of the second class, having within its corporate limits two streets which were much used by people passing from the business part of the city to a railroad depot; that on one of these streets the city had constructed a ditch four feet deep, and on a dark night left the same open, unguarded, and without lights or other warning to travelers of its existence; that the plaintiff on that night, while passing along that street, ignorant of the ditch, and unable to see it because of the darkness, fell into the same and was injured; and that he fell with great violence, striking his abdomen upon a rock in the bottom of the ditch. As against a general demurrer, this is sufficient.

Objections are made to the rulings of the court upon the admission and rejection of evidence. The most important one was the overruling of the defendant's objection to the following question: "What was his condition as to whether or not he was able to go to work during the time he was there?"

This was timely and properly objected to. It involved a conclusion as to the extent of plaintiff's injury, a very important fact in the case. Even if the

objection was erroneously overruled the error was cured by the answer, which was as follows:

"Well, as I said before, he was in bed the next morning, and we went down to see why he had n't gotten to work, and he had a hemorrhage and said that he was sick, and went on to state how he got hurt and so forth; and he was in bed there for a day or two in that bunk, and was under the doctor's care; that would lead me to believe he was n't able to go to work."

(See *Insurance Office v. Woolen-mill Co., ante,* p. 41; *Sparks v. Bank,* 68 Kan. 148, 74 Pac. 619.)

Other objections were made to the admission of expressions of pain on the part of the plaintiff, but, within the rule of *A. T. & S. F. Rld. Co. v. Johns,* 36 Kan. 769, 14 Pac. 237, 59 Am. Rep. 609, the evidence was proper. The city cites the case of *Railway Co. v. Logan,* 65 Kan. 748, 70 Pac. 878, as an authority against the admission of such evidence, but in that case the plaintiff stated how he got hurt, and not how he felt. Therefore, the case does not apply.

It may be said of many of the objections presented that, even if the ruling of the court had been erroneous, the error would be unavailable for the reason that evidence of the same character was permitted to be introduced without objection, so that the little that was objected to could not be said to have been prejudicial.

The city was inexcusably negligent. Its rights were not sacrificed by any errors apparent in the record. The judgment is affirmed.

All the Justices concurring.