THE STATE OF KANSAS V. FRANK RENNAKER.

No. 14,804   (90 Pac. 245.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Conclusion of a Witness—Error Cured.* The error committed in permitting a witness to answer a question which calls for a conclusion or an opinion is cured by subsequent statements which would have constituted a sufficient foundation for the introduction thereof if they had been made as preliminary proof therefor.

2. INTOXICATING LIQUORS—*Illegal Sale—Knowledge of Intoxicating Character—Intent.* In a prosecution for the unlawful sale of intoxicating liquor proof that the defendant was ignorant of the intoxicating character of the liquor sold does not constitute a defense.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed May 11, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, and *C. L. Aikman,* county attorney, for The State.

*E. N. Smith,* for appellant.

The opinion of the court was delivered by

GRAVES, J.: The defendant was convicted in the district court of Butler county of the illegal sale of intoxicating liquor, and he brings the case here on appeal. In his bill of exceptions several errors have been assigned, but as only two of them relate to the offense of which he was convicted no others will be considered.

The first objection made is that the court erred in permitting the state to ask its witness a question which reads, "I will ask you if you have purchased intoxicating liquors from Frank Rennaker?" to which the witness answered, "Yes." The defendant admitted that he sold liquor, but denied that it was intoxicating, and this was the principal question in dispute on the trial. It is urged that this question calls for a con-

clusion and involves a decision by the witness of the entire question submitted to the jury.

If it be conceded that the objection is well taken, still no error can be predicated thereon if from all the evidence given by the witness it appears that he was competent to give such an opinion. (*Solomon Rld. Co. v. Jones,* 34 Kan. 443, 8 Pac. 730; *Sparks v. Bank,* 68 Kan. 148, 74 Pac. 619; *Insurance Office v. Woolen-mill Co.,* 72 Kan. 41, 82 Pac. 513; *Iola v. Farmer,* 72 Kan. 620, 84 Pac. 386.)

The witness here was an old man, who bought from the defendant and drank several bottles, of liquor which was called "B. B." The witness stated that he was accustomed to the use of beer as a beverage, and knew its taste and effect; that on this occasion he wanted beer, and while the liquor in question was called "B. B." he recognized it as beer; and that its effect upon him was intoxicating. The grandson of this witness, who partook of the same drink many times on the same day, testified in substance that it produced upon him all the varying degrees of intoxication, from the delightful, tingling exhilaration of incipient drunkenness to the drowsy, forgetful indifference of stupefaction. The error committed by permitting the witness to answer the question objected to, if any, is so far relieved by this supplementary testimony that we are unable to say that the rights of the defendant were materially prejudiced thereby.

The other error assigned is the refusal of the court to give two instructions requested by the defendant, which read:

"The jury are instructed that intent is a necessary ingredient to the commission of crime, and if the evidence shows that the defendant sold 'B. B.' and that he did not know that it was intoxicating, and had no reasonable grounds to believe that it was intoxicating, and sold it without any intent of violating the prohibitory law, then you cannot find the defendant guilty."

"The jury are instructed that intent is a necessary ingredient to the commission of crime, and if the jury

find from the evidence that defendant sold 'B. B.' not knowing that 'B. B.' was intoxicating liquor, and honestly believed that it was not intoxicating liquor, and sold it without any intent to sell intoxicating liquors, then you cannot find the defendant guilty."

These instructions were properly refused. No such intent is essential to guilt in a case of this kind. (*The State v. Bush,* 45 Kan. 138, 25 Pac. 614; *Wagstaff v. Schippel,* 27 Kan. 450; *The State v. Moulton,* 52 Kan. 72, 34 Pac. 412; *Yoe v. Hoffman,* 61 Kan. 265, 276, 59 Pac. 351.)

The appellant has no reason to complain. He was convicted under one count only, when the evidence presented indicated guilt under both counts.

The judgment is affirmed.