### THE CITY OF EMPORIA V. F. BECKER.

No. 15,269.    (90 Pac. 798.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*License Tax—Penalties—Liability of Agents.* A statutory provision empowering cities to impose license taxes upon merchants, and to enact ordinances for the regulation and enforcement of such taxes, authorizes city councils to impose penalties upon agents and employees of such merchants who assist in carrying on an unlicensed business.

2. —— *Agent Required to Know whether Tax Has Been Paid.* An ordinance prescribing such penalties devolves on the agent or employee the responsibility to inform himself whether the license tax has been paid and the business licensed.

3. —— *Intent Not an Element of the Offense.* As a specific intent was not made an essential element of the offense defined, it is immaterial that the defendant may not have intended to violate the ordinance. It is enough that he did the things prohibited by the ordinance.

Appeal from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed June 8, 1907. Affirmed.

*J. Harvey Frith,* for appellee.

*Morehouse & Crowley,* and *W. S. Kretsinger,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: F. Becker was convicted of transacting business in the city of Emporia when a license tax authorizing the conduct of such business had not been paid. An ordinance of that city imposed a license tax of $100 for each six months, or part thereof, on the business of selling fire-sale, auction-sale, damaged or bankrupt stocks of goods, and prescribed that any one violating its provisions should upon conviction pay a fine not exceeding $100. D. Endelman, the proprietor of the store, was convicted under the same ordinance and upon appeal the conviction was affirmed. (*Emporia v. Endelman,* 75 Kan. 428, 89 Pac. 685.) In that appeal the validity of the ordinance was upheld. Becker was an employee of Endelman, and he contends that an employee of another is not subject to prosecution and conviction under the ordinance. Section 11 of the ordinance provides:

"Every person, partnership or corporation refusing to pay the license tax, and to take out a license, as hereinbefore provided, or any person, partnership or corporation failing, neglecting or refusing to comply with any of the provisions of this ordinance, or any agent, officer or employee of any such person, partnership or corporation, who shall transact any business for any such person, partnership or corporation when he, it or they have not paid an occupation tax and procured a license, as herein provided and required, shall be deemed guilty of a misdemeanor, and on conviction thereof be fined in any sum not exceeding one hundred dollars for each and every such offense, and shall stand committed until such fine and the costs of such action be paid."

While the license tax is imposed upon the business, it will be observed that the penalties for the violation of the ordinance are imposed not only upon merchants but also upon all agents and employees of such merchants who transact the unlicensed business. It would be easy to escape the tax and thwart the officers in en-

forcing the ordinance if the agents and employees of merchants who failed to pay the tax could transact the business without liability. It was to avoid such shifts and devices that they were brought within the penalties of the ordinance. The agent or employee is not required to pay a separate tax, but he cannot escape liability for unlawfully assisting in carrying on a business when the tax has not been paid merely because he has no pecuniary interest in it. He is not permitted to assist in the transaction of business of the merchant against whom the tax is assessed unless the tax has been paid and the license secured, nor can he safely overlook the obligation to see that these requirements have been observed. (*In re Chipcase, Petitioner,* 56 Kan. 357, 43 Pac. 264; *Witherspoon v. The State,* 39 Tex. Crim. Rep. 65, 44 S. W. 164, 1096; *Abel v. The State,* 90 Ala. 631, 8 South. 760; *Dentler v. The State,* 112 Ala. 70, 20 South. 592; *Nashville, Chattanooga and St. Louis Railway v. City of Attalla,* 118 Ala. 362, 24 South. 450; *Hays v. Commonwealth,* 107 Ky. 655, 55 S. W. 425.)

The contention that the ordinance making an employee liable is not warranted by statute cannot be upheld. Express authority is given to cities of the second class to impose a license tax on merchants and to enact ordinances for the regulation and enforcement of such tax. This, by necessary implication, carries with it the power to impose penalties upon every one engaged in merchandising, where the tax has not been paid, and the city may provide that an employee or other person who assists in carrying on the unlicensed business may be punished as well as the employer or proprietor.

It is also argued that Becker cannot be punished because it was not shown that he had knowledge of the failure of his employer to pay the license tax. The ordinances of a city are binding upon every one who comes within the corporate limits, and the appellant must be held to have had knowledge of the requirements of the ordinances, although he was without actual knowledge of them. This devolved on him the

responsibility to inform himself as to whether the tax had been paid and the business licensed. The breach of the ordinance is made a misdemeanor, and a specific intent or guilty mind is not an essential element. Ordinances and statutes similar to the one in question may impose penalties irrespective of any intent to violate them. It is immaterial that the appellant may not have intended to break the ordinance, as he became a lawbreaker and subject to punishment when he did the things prohibited by the ordinance. He is charged with notice of its provisions and was bound to know the facts and obey the law.

The judgment of the district court is affirmed.