City of Hays v. Schueler.

No. 22,728.

THE CITY OF HAYS, *Appellant,* v. ALEX SCHUELER, Jr., *Appellee.*

SYLLABUS BY THE COURT.

CITY ORDINANCE—*Regulating Operation of Motor Vehicles—Display of Lights—Violation—Intent of Accused.* A city ordinance regulating operation of motor vehicles on streets of the city, and requiring a red rear light to be displayed between certain hours, may impose a penalty for its violation, without making a specific intent or guilty mind an essential element of the misdemeanor.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed November 6, 1920. Reversed.

*C. M. Holmquist,* of Hays, for the appellant.

*E. A. Rea,* of Hays, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted in police court of violating a city ordinance, and appealed to the district court. The district court quashed the complaint, on the ground the ordinance was void. The city appeals.

The ordinance regulated operation of motor vehicles on streets of the city, and required a rear red light to be displayed between certain hours. The motion to quash asserted the ordinance was bad because willfulness or wrongful intent was not made an element of the offense, and stated argumentatively that a light might go out without willfulness or intentional fault, and in spite of the utmost care.

If it were necessary to validity of an ordinance that conditions of the character indicated in the motion to quash should be inserted, the full protection which the regulation is designed to afford could not be secured, and evasion would be so easy the regulation would practically if not utterly fail. The regulation falls, therefore, within the numerous class in which diligence, actual knowledge and bad motive are immaterial, and the fact of noncompliance entails penalty. Instances of such regulations are noted in the case of *Wagstaff v. Schippel,* 27 Kan. 450, at page 458: sale of adulterated milk; sale of liquor to minors; forfeiture of ship having smuggled

goods on board, although owner and officers may be innocently ignorant; and other fiscal and police regulations.

In the case of *The State v. Bush,* 45 Kan. 138, 25 Pac. 614, the statute involved penalized any city clerk who registered voters who did not personally appear and apply for registration. There was no reference to any specific intent. It was held that none was necessary except intent to commit the interdicted act, and that intention would be inferred from commission of the act. In the cases of *The State v. Moulton,* 52 Kan. 69, 34 Pac. 412, and *The State v. Rennaker,* 75 Kan. 685, 90 Pac. 245, it was held that ignorance of the intoxicating character of a beverage sold would not exempt the seller from prosecution for selling intoxicating liquor. In the case of *Emporia v. Becker,* 76 Kan. 181, 90 Pac. 798, an agent in charge of a store was fined for conducting business without payment of a license tax. The agent did not know his principal, the owner of the store, had not paid the tax. In the opinion it was said:

"Breach of the ordinance is made a misdemeanor, and a specific intent or guilty mind is not an essential element. Ordinances and statutes similar to the one in question may impose penalties irrespective of any intent to violate them. It is immaterial that the appellant may not have intended to break the ordinance, as he became a lawbreaker and subject to punishment when he did the things prohibited by the ordinance." (p. 184.)

The distinction between offenses of this character and those involving conduct *malum in se,* and so necessarily requiring an intent to do wrong, is illustrated in the case of *The State v. Eastman,* 60 Kan. 557, 57 Pac. 109. See, also, *The State v. Brown,* 38 Kan. 390, 16 Pac. 259.

The judgment of the district court is reversed, and the cause is remanded with direction to deny the motion to quash.