No. 24,801.

The State of Kansas, *Appellee,* v. D. C. Caldwell and C. Floyd, *Appellants.*

SYLLABUS BY THE COURT.

1. Liquor Law—*Liquors Surreptitiously Brought into a Proprietor's Place of Business by an Employee Without His Knowledge or Consent—Proprietor not Guilty—Employee Guilty.* A proprietor conducting a business is not criminally responsible for the illegal possession or sales of intoxicating liquors surreptitiously brought into his place of business by an agent or employee and which were kept and handled there without the proprietor's authority, knowledge or consent.

2. Same—*Clemency of Jury—No Ground for Setting Aside Verdict.* The clemency of the jury in allowing a defendant to escape on some of the charges included in the information is no ground for overthrowing a conviction upon another charge which is well supported by the evidence.

3. Same. Other objections examined and held to be free from error.

Appeal from Labette district court; Elmer C. Clark, judge. Opinion filed February 9, 1924. Affirmed in part and reversed in part.

*Carl V. Rice,* and *L. E. Goodrich,* both of Parsons, for the appellants.

*C. B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, *Charles H. Cory,* of Oswego, and *C. J. Taylor,* of Parsons, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from the conviction of the defendants for maintaining and conducting a common nuisance, a place where intoxicating liquors were kept for sale in violation of law. The information included separate charges of having liquors in possession and of two sales of liquor, but the verdict of the jury contained no finding or mention of these offenses. It is the contention of the defendants that the evidence does not sustain the verdict and that the adverse finding was induced by erroneous instructions of the court. Floyd appears to have been the proprietor of the pool hall, the place charged to have been maintained as a nuisance, and Caldwell aided him in carrying on the business conducted there. There was testimony of the purchase of intoxicating liquors at the pool hall conducted by the defendants, that the purchase was made from Caldwell, and in a raid made upon the place two quart bottles of whisky were found in the coal bin in the rear of the pool hall, one of which was full and the other partly full, and two bottles were found in a cigar case in the front of the pool hall one of which was full and the other almost empty. Although it is contended that the evidence does not sustain the verdict we have no hesitation in saying that there is enough to fully sustain the conviction, and but for a defect in an instruction the judgment would necessarily be affirmed as to both defendants. In his testimony Floyd stated that if whisky was kept or sold by anyone in the pool hall at the time charged by the state, he did not know of it, that there never had been any whisky in the building to his knowledge from the time he took charge of it until the time of his arrest. Other testimony tending to support his own was received.

In his behalf it is insisted that the court in its instructions practically eliminated the element of wilfulness and knowledge of Floyd for the unlawful acts of Caldwell in maintaining the nuisance. The court, among other things, instructed the jury that:

"If you find and believe from the evidence herein beyond a reasonable doubt, that defendant C. Floyd was the owner or proprietor, operating the pool hall and further that defendant D. C. Caldwell was his duly authorized agent, then the possession of said D. C. Caldwell, if he was so in possession of

any intoxicating liquors was the possession likewise of defendant C. Floyd, and the same rule of law applies as to making sales and of maintaining a common nuisance."

The defendants challenge the instruction, and in an affidavit filed in support of the motion for a new trial, it was stated that when counsel for defendants was making an argument to the jury and stating that under the law Floyd was not responsible for the acts of Caldwell in selling or having intoxicating liquors in his possession unless he had authority from Caldwell to have them in possession or to sell them, or unless Floyd had knowledge of the acts of Caldwell in the sale, handling or possession of liquors, the court interrupted the attorney saying in the presence of the jury that the statement made was not the law and counsel was thereby prevented from making his argument as to the responsibility of Floyd for the acts of Caldwell. Of course Floyd cannot be held criminally responsible for the violations of Caldwell, if they were done without the authority of Floyd express or implied, or without his knowledge or consent. If the unlawful acts were done by Caldwell with the countenance and consent of Floyd, the latter cannot escape responsibility because he happened to be absent from the place when the violations occurred or because he did not directly participate in handling the liquors. If intoxicating liquors were kept or sold in the place with his authority or knowledge, he is as criminally responsible as if he had himself directly violated the law. Circumstances may be shown from which authority, knowledge or consent may be inferred. If however, intoxicating liquor is secretly brought into a business house or a home by an employee without the authority, knowledge or consent of his employer, the latter is not criminally responsible. In *The State v. Metz*, 107 Kan. 593, 193 Pac. 177, where the defendant was charged with unlawfully having intoxicating liquors in his possession, the elements required to constitute possession were stated and it was added:

"It is this requirement which prevents the man in whose building, or automobile, or traveling bag, or pocket, liquor is found, which was surreptitiously placed there by another, from being a violator of the law." (p. 596.)

An instruction relating to the element of knowledge or consent and which was approved was given in *The State v. Pigg*, 78 Kan. 618, 97 Pac. 859, in which the jury were instructed that:

"If they found that the defendant was the proprietor of the place where intoxicating liquor was sold, and that such liquor was in his possession and

The State v. Caldwell.

control as proprietor and was sold with his knowledge and consent, he would be guilty of a sale, although he might not have performed the physical act of handing out the liquor to the customer himself." (p. 620.)

In view of the testimony of Floyd the misdirection as to his responsibility for the illegal acts of his employee became material. The error in the instruction was emphasized by the remark of the court during the argument of counsel on that feature of the case. It was not improper to bring the interruption and statement of the court during the argument to its attention on the motion for a new trial, one ground of which was error in the instructions, and having been brought to its attention on the motion for a new trial, it is proper to include it in the record of the appeal. This error only affects the judgment against Floyd.

There is a contention that the failure of the jury to find the defendants guilty on the counts for sales and possession of intoxicating liquors practically nullified the verdict on the remaining count. The compassion or clemency of the jury in allowing the defendant to escape on some charges which the evidence appears to show warranted a conviction is no ground for overthrowing the conviction upon another charge, which is also well supported by the evidence. (*The State v. Brizendine*, 114 Kan. 699, 220 Pac. 174; *The State v. Brundige*, 114 Kan. 849, 220 Pac. 1039; *The State v. Hund*, post, p. 475.)

There was no error in the exclusion of evidence of two of the jurors as to the interpretation placed by the jury on the instructions of the court and the method by which they measured the evidence. Nor is there anything substantial in the claim that the statement of counsel for the state in his closing argument afforded grounds for reversal. The judgment against Floyd is reversed and remanded for a new trial, and that against Caldwell is affirmed.