No. 32,132

THE STATE OF KANSAS, *Appellant*, v. ROBERT GOYETTE and R. G. OWENS, *Appellees*.

(37 P. 2d 1001)

Opinion filed December 8, 1934.

*Roland Boynton,* attorney-general, and *Richard B. Stevens,* county attorney, for the appellant.

*J. Clifton Ramsey,* of Lawrence, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to confiscate an automobile as a liquor nuisance under R. S. 21-2162 to 21-2167. Judgment was for the defendant owner of the car. The state appeals.

The facts are simple. A young man was arrested in Douglas county while driving the car in question. At the time of the arrest the car had several pints of intoxicating liquor in it. This action was then instituted. The regular statutory notices were posted. One R. G. Owens answered that the car was his property and was unlawfully taken from his possession by the young man who was driving it when he was arrested. The court held that the car was the property of R. G. Owens, and was taken from his possession against his will and without his consent, and refused to confiscate the car. The state appeals. The statute reads as follows:

"All automobiles, vehicles and other property used in the transportation or carrying of intoxicating liquors into this state or in carrying and transporting intoxicating liquors from one place to another within this state are hereby declared to be common nuisances." (R. S. 21-2162.)

The state argues that because the statute makes no qualification of any kind as to circumstances under which cars used in transporting liquor may be confiscated that there are none, and, hence, all cars used for the transportation of liquor are common nuisances and should be confiscated. There are some authorities cited that tend to support that view. These authorities, however, as far as they have been examined, are all cases where the owner of the car permitted it to come into the possession of the person who used it for transporting liquor. Sometimes it was a mortgagee who permitted the mortgagor to have possession of the car, sometimes it was the owner who loaned or rented his car to another. In all these cases the owner or mortgagee might well be held to a strict accountability for what the person in whose possession he placed his car did with it. This rule is necessary in order to prevent schemes and subterfuges of all kinds on the part of people who purchase cars for the purpose of using them in transporting liquor. We do not have such a case here, however. This car was taken from the possession of the owner against his will and without his knowledge. If this car may be confiscated then the car of any law-abiding citizen which is stolen and used in the transportation of liquor may be confiscated. This con-

struction of the statute would be such a harsh one that we have concluded that the legislature had no such intention.

The judgment of the trial court is affirmed.

Harvey, J. (dissenting): Our statute (R. S. 21-2162) for the confiscation of an automobile used for the transportation of intoxicating liquors makes no exceptions in behalf of an innocent owner, or an innocent mortgagee. Our former decisions have engrafted no such exceptions into the statute (*State v. Brown*, 119 Kan. 874, 242 Pac. 112, affirmed by the United States supreme court; *Van Oster v. Kansas*, 272 U. S. 465, and followed in many jurisdictions; see Rose's Notes; *State v. Morris*, 124 Kan. 143, 260 Pac. 629). Possibly some such exception should be in the statute; if so, the legislature, not this court, should make it. The *use* of the automobile for the transportation of intoxicating liquors heretofore has been the sole test; by this opinion the owner's innocence, under some circumstances, is added. This thought intrudes: If innocence of owner, or mortgagee, is a defense, why make the particular circumstance of his innocence the criterion of his rights?