No. 32,186

THE STATE OF KANSAS, *Appellee*, v. E. E. HOLLAND, *Appellant*.

(40 P. 2d 469)

Opinion filed January 26, 1935.

*O. A. Wilson,* of Jetmore, for the appellant.

*Roland Boynton,* attorney-general, and *Howard M. Wilson,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a conviction of owning and having in possession a motor vehicle, the original numbers of which had been destroyed, removed, altered or defaced, in violation of R. S. 8-116, as charged in the information.

The testimony of the removal, or attempt to remove, alter or deface the numbers on the automobile, showed quite plainly that several numbers had been tampered with, showed the effects of grinding off and the stenciling on of other numbers. The defendant had been in the possession of the car for fifteen months and therefore had a long time to gain knowledge of the change in the numbers.

The sheriff, who made an examination of the car, testified that the numbers appeared to have been filed off and new numbers stenciled on. The transmission number had been taken off with a file or chisel. He made an examination of numbers on screen shaft. The words of the law with reference to the change of the numbers on cars, covers almost every form of tampering with them. Anything which operates to destroy, remove, alter or deface the numbers is sufficient, and we think the testimony of the state covered the question and is sufficient, showing an obvious change.

Photographs were taken of the motor numbers which appeared as the state's exhibits, while the defendant had several witnesses, two of whom had never seen the motor number, and two others had only made a casual examination of it.

The testimony given by the state was based on careful scrutiny and examination of the car when it was brought into the garage for examination. Our conclusion is that the testimony of the state was sufficient to support the decision overruling the demurrer.

There is a complaint of instructions. One was asked and it is insisted that the refusal of it was error. It was:

"The jury are instructed that intent is a necessary ingredient to the commission of crime, and if the evidence shows that the defendant did not know that the original motor number of said motor vehicle had been destroyed, removed, altered or defaced, and had no reasonable grounds for believing that it had been destroyed, altered, removed or defaced, and had said motor vehicle in his possession without any intent of violating the law, then you cannot find the defendant guilty."

This instruction was refused on the ground that a sufficient and satisfactory instruction had already been given as to intent and knowledge.

Instruction No. 6 was as follows:

"The law presumes the defendant innocent of every offense charged against him, innocent of any guilty intent and innocent of every fact necessary for the state to prove in order to establish his guilt, and this presumption of innocence continues to operate in his favor throughout all the stages of the trial and until each and every fact necessary to constitute the offense charged against him is established by the evidence, beyond a reasonable doubt."

Instruction No. 8 was as follows:

"You are instructed that one of the defenses is that the defendant had no notice or knowledge that the original motor numbers of the Chevrolet automobile had been destroyed, altered, removed or defaced and he thereby acted in good faith in the purchase of said Chevrolet automobile and the possession of the same. In this connection you are instructed that it is the duty of a

purchaser of an automobile to use reasonable care to ascertain if the motor number on said automobile has been destroyed, altered, removed or defaced, and if you find under all the facts and circumstances of this case that the defendant did use such reasonable care and had no notice or knowledge that such number had been or was destroyed, altered, removed or defaced, then your verdict should be for the defendant."

The instructions six and eight, given, sufficiently cover the question of knowledge and intent and state the principle as completely as the one refused.

The judgment of the district court is affirmed.